**STATE of Indiana, Appellant,**

v.

**Richard M. SCALES, Appellee.**

**No. 82A01–9012–PC–516.**

Court of Appeals of Indiana,
First District.

May 30, 1991.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellant.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

The State appeals the granting of Richard M. Scales petition for post-conviction relief following a conviction for Carrying a

Handgun Without a License[1], a Class A misdemeanor. We affirm the denial of the motion to dismiss and remand.

## ISSUES[2]

1. Whether the post-conviction court erred in failing to make specific findings of facts and conclusions of law.

2. Whether the post-conviction court erred in denying the State's motion to dismiss based on Ind.Crim.Rules 5 and 10.

## FACTS

On July 13, 1990, Scales filed a petition for post-conviction relief to challenge his conviction and sentence for carrying a handgun without a license. Scales had pleaded guilty to the misdemeanor on September 27, 1979. On July 31, 1990, the State filed a motion to dismiss, alleging that Crim.R. 5 and 10 place a ten year limitation to seek post-conviction relief for a misdemeanor conviction.

At the hearing on September 5, 1990, Scales testified that he was not represented by counsel in 1979, and he was not advised of his rights to a jury, to confront witnesses, to subpoena witnesses, or to not incriminate himself. He also stated that no inquiry was made as to a factual basis for the charge. Scales did not recall the name or the gender of the judge who accepted his guilty plea. The file on the case was not located and no record of the guilty plea was entered into evidence. The court granted post-conviction relief and denied the State's motion to dismiss.

## DISCUSSION AND DECISION

*Issue One*

■ The State requests the cause be remanded to the post-conviction court for an entry of findings of facts and conclusions of law as required by Ind. Post–Conviction Rule 1, § 6. The State contends the failure to provide findings and conclusions in this case is not harmless. In the absence of findings and conclusions, the State argues,

the court's reasons for its decision are unknown. The court's judgment may have been based upon Scales' testimony that he was not advised of his rights or that the record was no longer available. We agree with the State that the findings and conclusions are necessary for an intelligent review of the judgment, and we remand for the court to enter findings and conclusions.

*Issue Two*

■ The State next argues the post-conviction court erred in denying its motion to dismiss. Our review of this issue is not precluded by the lack of findings and conclusions; therefore, we consider its merits. In the motion to dismiss, the State asserted that Scales' post-conviction petition was barred by Crim.R. 5 and 10. Crim.R. 5 and 10 require the maintenance of misdemeanor records for ten years and of felony cases for fifty-five years. The State construes these rules as placing a time limitation upon when post-conviction relief may be sought. We disagree.

■ Ind. Post–Conviction Rule 1, § 1(a) specifically provides that a post-conviction proceeding may be instituted at any time. Furthermore, the loss of a record of a guilty plea hearing does not, per se, require a guilty plea to be vacated. *Corder v. State* (1987), Ind.App., 516 N.E.2d 71, 72. Relief will be granted only when the delay in seeking relief is reasonable. *Id.* If the time has passed for maintaining a record, and the unavailability of the record hinders the State's case, the State may assert the defense of laches and the petitioner's relief may be barred. If the laches defense fails, and no record or reconstruction of the record is available, a new trial is the appropriate remedy. *See Gallagher v. State* (1980), 274 Ind. 235, 240, 410 N.E.2d 1290, 1293. We reject the State's invitation to find Crim.R. 5 and 10 place time limitations on seeking post-conviction relief.

1. IND.CODE § 35–47–2–1.

2. The State also argues Scales failed to prove his claims for relief by a preponderance of the evidence, and therefore, the post-conviction court erred in granting relief. However, we do not review this issue because we remand for findings and conclusions.

We affirm the denial of the motion to dismiss, remand for findings and conclusions, and retain jurisdiction.

Affirmed and remanded.

ROBERTSON and BARTEAU, JJ., concur.

