Jerry Dean ZIMMERMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 881S205.

Supreme Court of Indiana.

June 23, 1982.

Susan K. Carpenter, Public Defender, Robert H. Hendren, Sp. Asst. Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Petitioner (Appellant) was convicted on two counts of Murder in the Second Degree, Ind.Code § 35–1–54–1 (Burns 1975), and was sentenced to concurrent terms of not less than fifteen (15) years nor more than twenty-five (25) years imprisonment. This appeal from the denial of post conviction relief presents but one issue.

Petitioner pled guilty on May 5, 1975. On October 11, 1979 he filed a petition for post conviction relief which alleges that the guilty plea was not knowingly, voluntarily, and intelligently entered.

In the interim the tape recording of the guilty plea hearing had been lost or inadvertently destroyed. Based upon representations of the judge, who took the plea, and the prosecutor, who was present at the hearing, that they had made copious notes of the proceeding, the trial court ordered the State to submit a record pursuant to Ind.R.App.P. 7.2(A)(3)(c). The State submitted the record, over Petitioner's objection, and the record was subsequently certified by the judge, who presided at the guilty plea hearing.

Petitioner contends that the trial court's failure to make and to retain a record of his guilty plea pursuant to Ind.R.Crim.P. 10 requires the vacation of the plea. He also contends that the post conviction court erred in resorting to Ind.R.App.P. 7.2(A)(3)(c) in order to obtain a record where there was none and that to supplement a silent record of a guilty plea in that manner is contrary to the scope and purpose of Ind.R.Crim.P. 10.

At the time of the guilty plea Ind.R. Crim.P. 10 read as follows:

"Whenever upon arraignment a plea of guilty to an indictment or affidavit charging a felony is accepted from any defendant, who on the date of arraignment or on a later day is sentenced upon said plea, the judge shall cause the court reporter to record the entire proceedings in connection with such arraignment and sentencing including questions, answers, statements made by the defendant and his attorney, if any, the prosecuting attorney and the judge, and promptly thereafter to transcribe the same in form similar to that in general use as a transcript of evidence in a trial. When so transcribed the same shall be submitted to the judge who shall certify that it is a true and complete transcript of such proceedings and shall order the same filed as a part of the record and cause an order book entry of the filing thereof to be made by the clerk. Thereafter in any proceeding questioning the validity of such arraignment, plea of guilty or judgment rendered thereon, such transcript shall be taken and considered as the record of the proceedings transcribed therein and upon appeal the original may be incorporated without copying as a part of the record in such appeal over the certificate of the clerk or a copy of said transcript may be included in a bill of exceptions.

"In all courts of superior jurisdiction having general jurisdiction to try felony charges it shall be the duty of the court upon the trial of every felony charge to require the evidence to be taken in shorthand, by stenotype or stenograph, or by mechanical recording process, such record thereof, if the defendant be convicted, to be securely preserved by the court during the maximum term of imprisonment provided by the judgment so that a bill of exceptions can be prepared if required. Provided, however, that in the event a bill of exceptions is made and certified by the judge for any proper purpose, the provisions of this rule as to preserving the first record of the testimony and proceedings on trial shall cease."

At the hearing on the post conviction petition the parties stipulated

"That the guilty plea proceedings heretofore held on May 5, 1975 in the Steuben Circuit Court were recorded by electronic means on magnetic recording tape, but that said magnetic recording tape containing the sound reproduction of said proceedings cannot now be found; and that said magnetic tape recording was not lost or destroyed by any known catastrophe or act of God." (R. at 169).

■ The purpose of Ind.R.Crim.P. 10 is to provide a transcript of the evidence taken at the guilty plea hearing in order to facilitate review in any later proceeding questioning the validity of the plea. *Maleck v. State*, (1976) 265 Ind. 604, 606, 358 N.E.2d 116, 117. Thus the rule was designed to prevent what occurred here; however, nothing in the language of the rule addresses the consequences of a failure to make the transcript.

■ Based upon our decisions, we think that the loss of a record or transcript of a guilty plea hearing does not require a vacation of the plea, per se. *See Osborne v. State*, (1974) 262 Ind. 455, 456–57, 317 N.E.2d 856, 857. In cases, which treat situations analogous to Petitioner's, we have refused to order a new trial. In these cases, the record of the trial, or a portion thereof, became unavailable before Defendant took a timely direct appeal or a belated direct appeal under Ind.R.P.C. 2. In each case we held that Ind.R.App.P. 7.2(A)(3)(c) provided a means to produce a record for

review on appeal, and that the rule abrogated the old practice of ordering a new trial when the transcript of the evidence was unavailable. *Craig v. State*, (1980) Ind., 404 N.E.2d 580, 583; *Oricks v. State*, (1978) 268 Ind. 680, 688, 377 N.E.2d 1376, 1380; *Ruetz v. State*, (1978) 268 Ind. 42, 45, 373 N.E.2d 152, 154, *cert. denied*, (1978) 439 U.S. 897, 99 S.Ct. 261, 58 L.Ed.2d 245. *See Groff v. State*, (1981) Ind.App., 415 N.E.2d 721, 724. An exception to these cases, which does not apply to the case at bar, arises when reconstruction of the record is not possible. *Gallagher v. State*, (1980) Ind., 410 N.E.2d 1290, 1293.

We see nothing about criminal Rule 10 that precludes resort to Appellate Rule 7.2(A)(3)(c) in order to provide a reliable record from which to determine if the requirements of the criminal rule were complied with. Indeed, resort to such rule may, in another case, be necessary to enable a petitioner to prove his claim. In view of the heavy burden which a post conviction petitioner bears, and our standard of review in appeals therefrom, *Popplewell v. State*, (1981) Ind., 428 N.E.2d 15, 17, *Beard v. State*, (1981) Ind., 428 N.E.2d 772, 775, a petitioner would be hard pressed to prove his claim, in the absence of a record. Without such record, a petitioner would have to rely upon witnesses, whose memories or credibility may be subject to severe scrutiny by the trial judge and whose testimony he is not required to believe.

The record shows that the petitioner did not avail himself of the provisions of Appellate Rule 7.2(A)(3)(c) allowing him to participate in the reconstruction of the lost record. Instead, he stood upon his belief that a lost record was per se the equivalent of a silent record.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.