**James CORDER, Appellant (Petitioner Below),**

v.

**STATE of Indiana, Appellee (Respondent Below).**

No. 49A04-8608-PC-258.

Court of Appeals of Indiana, Fourth District.

May 21, 1987.

Susan K. Carpenter, Public Defender, Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Petitioner-Appellant James Corder (Corder) appeals the trial court's denial of his petition for post-conviction relief.

We reverse.

ISSUE

The sole issue presented is whether the relief sought by Corder was barred by laches.

FACTS

In 1978, Corder entered guilty pleas to an information which charged him with possession of marijuana and carrying a handgun without a license. He was sen-

tenced to 30 days on the Indiana State Farm with 26 days suspended, and six months probation. Corder's probation was later revoked and he was ordered to serve the remaining 26 days of his sentence.

In 1985, Corder filed his petition for post-conviction relief alleging his two guilty pleas were not intelligently and voluntarily given. (R. 7–13). The State answered alleging the petition was barred by laches. (R. 21).

At the hearing in 1986, Corder entered into evidence letters from the court clerk and court reporter stating (a) the records and transcripts of his guilty plea hearing had been destroyed, and (b) the trial judge was deceased. He also submitted an affidavit from the attorney who represented him at the guilty plea hearing. It said the attorney had "no vivid recollection of the details of that guilty plea hearing." Corder argued since the record could not be reconstructed, he was entitled to post-conviction relief because there was nothing in the record to show his plea was intelligently and voluntarily entered.

The State responded by stating the defense of laches applied because all the evidence had probably been destroyed; and due to the passage of time, it would be impossible to re-try the case.

The trial judge denied Corder's petition and entered findings of fact and conclusions of law which held the relief sought by Corder was barred by laches.

Corder appeals.

## DISCUSSION AND DECISION

Because reconstruction of the record of his guilty plea hearing was impossible, Corder contends there is no advisement of his constitutional and statutory rights appearing on the record, as required by *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Thus, his petition for post-conviction relief should have been granted. *Accord, Graham v. State* (1984), Ind.App., 468 N.E.2d 604, 605.

■ The loss of a record or transcript of a guilty plea hearing does not, per se, require a guilty plea to be vacated. *Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087, 1088–1089; *Gallagher v. State* (1980), 274 Ind. 235, 410 N.E.2d 1290, 1292–1293. Vacation of the plea is available only when the delay in seeking relief has been found to be reasonable. *Gallagher, supra.* If the record of the guilty plea hearing is not available, then the petitioner must attempt to reconstruct the record pursuant to Ind. Rules of Procedure, A.R. 7.2(A)(3)(c), if possible. *Zimmerman, supra.* Here, Corder presented uncontested evidence showing the record no longer exists, nor could it be reconstructed because all the parties present at the guilty plea hearing were either deceased, or could not remember details of the proceedings. Since *Boykin* requires advisements *on the record,* we cannot imply Corder was advised of his constitutional and statutory rights.

■ The State raised the defense of laches to preclude review of Corder's claims. It is the State's burden to prove, by a preponderance of the evidence, (1) an unreasonable delay by the petitioner in seeking relief, and (2) prejudice to the State in re-prosecuting the petitioner. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, 712. Here, the only matter touching the laches question was the State's assertion Corder's delay probably caused the evidence to be destroyed under the routine procedure followed by the police department. The State concluded its argument with the statement, "That's the only evidence that we have." (R. 48).

We find this tenuous argument insufficient to support the State's defense of laches. Our Supreme Court recently addressed a similar situation in *Lacy v. State* (1986), Ind., 491 N.E.2d 520, where the petitioner filed his petition for post-conviction relief 11 years after entering his guilty plea. The State, in attempting to support its defense of laches, offered testimony from an employee of the prosecutor's office who stated case files were routinely destroyed after ten years. However, she failed to investigate as to whether the prosecutor's file for this case was still in existence. The Supreme Court concluded it could not speculate when determining whether prejudice existed considering the length of the petitioner's delay. The court further noted the State failed to show reasonable diligence in

 

investigating other means of proof to support its burden on the defense of laches. *See also, Canter v. State* (1986), Ind.App., 496 N.E.2d 823.

Here, the State presented no evidence on the subject, let alone that offered and held insufficient in *Lacy* and *Canter.* The State's sole "evidence" is its unsupported speculation the evidence had probably been destroyed. In a concurring opinion in *Woodford v. State* (1985), Ind., 484 N.E.2d 563, 566, Justice Shepard addressed a similar situation, saying

> While the trial judge might well have found that the appellant's delay in filing his petition was unreasonable under circumstances permitting diligence, the evidence offered by the prosecutor on the question of prejudice to the State was insufficient to establish an equitable bar. Other than the passage of time, the only specific prejudice cited in the State's brief or, apparently, offered at trial has been the disposal of those items of physical evidence kept in the Indianapolis Police Department property room. How the loss of these items damages the State's case is unexplained. Whether the other items of tangible evidence which were kept elsewhere are still available is also unexplored. We are not provided with any testimony about the availability of the witnesses or the investigating officer.

The mere assertion by the State it is unable to reprosecute due to lack of evidence without more is insufficient. Absent evidence of a reasonably diligent search and the unavailability of evidence and witnesses to make a case, the State's laches defense fails.

Accordingly, we conclude the State has failed to meet its burden of proof on its defense of laches.

Reversed and remanded with instructions to grant the petition for post-conviction relief.

RATLIFF, C.J., and MILLER, J., concur.