**Mark CURRY, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 49A04–9409–PC–351.**

Court of Appeals of Indiana.

May 9, 1995.

Rehearing Denied July 6, 1995.

Thomas E. Hastings, Brown, Hastings, Baldwin & Clutter, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Petitioner–Appellant Mark Curry (Curry) appeals from the denial of his petition for post-conviction relief.

We reverse the post-conviction court.

### ISSUE

Curry raises two issues for our review, which we re-state as:

1. Whether Curry met his burden of attempting to reconstruct the otherwise permanently misplaced record of his guilty plea hearing.

2. Whether Curry was properly advised of his rights at the taking of his guilty plea.

The State raises one additional issue: Whether the post-conviction court was justified in determining that Curry failed to make an adequate effort to reconstruct the record.

### FACTS AND PROCEDURAL HISTORY

On December 4, 1980, then 18–year old Curry, pled guilty to operating a vehicle while intoxicated, a Class A misdemeanor. He received a suspended sentence of 30 days.

On May 18, 1993, Curry praeciped for a transcript of his guilty plea hearing. On

January 20, 1994, he filed a petition for post-conviction relief, alleging that his 1980 guilty plea was not knowingly, voluntarily and intelligently made and that the court failed to give the proper advisements as required by IND.CODE 35–35–1–2 and *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). With his petition for post-conviction relief, Curry submitted an affidavit of the Court Reporter for the Municipal Court of Marion County. The court reporter stated that she made a diligent search for the record of the guilty plea hearing in the case of *State of Indiana v. Mark Curry,* and had determined that no such record exists. In the State's answer, it denied the material allegations of Curry's petition and raised the defense of laches.

Following a three-part hearing on Curry's petition, the post-conviction court denied relief. The court found that because more than ten years had elapsed since Curry's misdemeanor conviction, the tape of the hearing had been destroyed pursuant to administrative rules. The court further found that the charging information and the case file relating to Curry's case had also been destroyed. The court concluded, in pertinent part, as follows:

> The [P]etitioner has failed to establish that an attempt has been made to reconstruct the record pursuant to Rules of Appellate Procedure Rule 7.2(A)(3)(C) and reconstruction of the record is not possible.
>
> The Petitioner has failed to establish by a preponderance of the evidence that the Petitioner is entitled to have the conviction vacated and set aside.

The Petition for Post–Conviction Relief is DENIED. (R. 17). Curry appeals from this denial of relief.

## DISCUSSION AND DECISION
### Standard of Review

■ The petitioner in a post-conviction relief proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. *Williams v. State*

(1994), Ind.App., 641 N.E.2d 44, 46, *trans. denied.* On appeal, we will not reweigh the evidence or judge the credibility of the witnesses. *Williams,* 641 N.E.2d at 46. To prevail on appeal from the denial of post-conviction relief, the petitioner must satisfy the reviewing court that the evidence is without conflict and leads inevitably to a conclusion opposite of the trial court. *Id.*

### I. Reconstruction of the Record

The State concedes that the electronic tapes of Curry's 1980 guilty plea hearing were destroyed without microfilming; however, the State contends that Curry "failed to show that he exhausted all other available avenues for reconstructing the record of that case." Appellee's Brief at 5.

■ A post-conviction relief petitioner has the burden of attempting to reconstruct an otherwise permanently misplaced record of a guilty plea hearing pursuant to Ind.Appellate Rule 7.2(A)(3)(C) (1988).[1] The Indiana courts have refused to order a new trial where the loss of a record or transcript of a guilty plea hearing was advanced, because App.R. 7.2(A)(3)(C) provides a means to reconstruct the record or transcript for purposes of appeal. *Adams v. State* (1991), Ind., 575 N.E.2d 625 (defendant is not entitled to an automatic new trial when trial transcripts are missing where defendant makes no attempt to reconstruct the missing portions of the trial record); *Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087 (App.R. 7.2(A)(3)(C) provides a means to produce an otherwise lost record and the rule abrogates the old practice of ordering a new trial when the transcript is unavailable).

Initially, Curry submitted the affidavit of the Court Reporter contemporaneous with his petition for post-conviction relief. Accepting Curry's attempt to obtain the record from the Court Reporter and the apparent unavailability of the record, the next question is whether Curry met his additional burden under App.R. 7.2(A)(3)(C).

---

1. App.R. 7.2(A)(3)(C) provides in relevant part as follows: "If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence of proceedings from the best available means, including his recollection. . . ."

A review of the post-conviction record indicates that Curry made several attempts at reconstructing the record. It was established at the hearing that the Clerk destroys misdemeanor files after ten years without microfilming and that Curry's file had been destroyed. Curry also submitted a certified copy of the docket book entry. He subpoenaed the records of the Marion County Municipal Court Probation Department and the Marion County Public Defender Agency. Curry submitted an affidavit from the Public Defender's Agency indicating that its search revealed no such records. The Probation Department did maintain a file on Curry which indicated that he was possibly represented by a public defender in 1980, but did not aid further in reconstruction of the record. Curry did not uncover the name of the prosecutor in 1980, but he did uncover the name of the arresting officer; however, he did not attempt to contact this officer to obtain additional information.

We find that Curry's various attempts at reconstruction of the destroyed record were sufficient to satisfy his burden pursuant to App.R. 7.2(A)(3)(C). Having decided that reconstruction is impossible, the next issue is whether a court may infer a voluntary and knowing guilty plea from a non-existent record.

## II. Validity of the Guilty Plea

Curry contends that his guilty plea was not knowingly, intelligently and voluntarily entered because the trial judge failed to advise him of any of his substantive rights and obtain a waiver of those rights.

Curry testified at the post-conviction relief hearing that he was 18 years old at the time of his 1980 guilty plea, and that he was not represented by counsel. Curry further testified that the court did not advise him of any of his constitutional rights at the taking of the plea. Specifically, he testified that he was not advised of his right to a jury trial, his right of confrontation or his right against self-incrimination. Curry said that he was not aware of those rights in 1980, and did not become aware of those rights until 1993.

Upon cross-examination by the State, Curry conceded that he had several subsequent OWI convictions in which he pled guilty. In fact, in 1993, Curry was granted post-conviction relief from his 1983 conviction due to inadequate advisements and waiver. Notwithstanding all of these subsequent contacts with the criminal justice system, Curry maintains that he was not aware of his rights until 1993, when he retained current counsel.

The Indiana Supreme Court established a new standard for assessing collateral attacks on post-conviction relief petitions from criminal convictions in *White v. State* (1986), Ind., 497 N.E.2d 893. To decide a claim that a plea was not made voluntarily and intelligently, the court will review all of the evidence including the transcript of the petitioner's original sentencing, all evidence from the post-conviction hearing and all other parts of the record. *White*, 497 N.E.2d at 905. Generally, in cases such as this where the record *is* available, whether the required advisements mandated by I.C. 35–35–1–2 (1988) [2] are given on the record is dispositive. The *White* Court clarified that a petitioner does not meet his burden by merely showing that the trial judge failed to give an advisement as required by I.C. 35–35–1–2(a). In addition, a petitioner must plead specific facts from which a trier of fact can find by a preponderance of the evidence that the trial judge's failure to fully comply with the statute rendered his plea involuntarily and unintelligent. *Id.*

However, in this case we do not have the information before us on which to base our analysis. We do not know if Curry signed a written waiver of rights, or if the trial judge verbally advised Curry of his rights on the record, and obtained a valid waiver of those rights. Our supreme court clearly stated in *White* that "unless the record reveals that the defendant knew or was advised at the time of his plea that he was waiving his right to a jury trial, his right of confrontation and his right against self-incrimination, *Boykin* will require that his con-

---

**2.** Section (a) of I.C. 35–35–1–2 (formerly I.C. 35–4.1–1–3 repealed by Acts 1981, P.L. 298, Sec. 9(a)) enumerates the specific advisements the court must give prior to accepting a guilty plea. I.C. 35–35–1–2 became effective on September 1, 1982.

viction be vacated." *White,* 497 N.E.2d at 905; *see Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Because we will not imply a valid waiver from a silent, or in this case non-existent record, Curry's conviction must be vacated.

 The State raised the affirmative defense of laches in its response to Curry's petition for post-conviction relief. Although approximately 13 years elapsed between the time of Curry's conviction and the filing of his petition, the State has failed to meet its burden under the affirmative defense of laches.

In order to succeed on the defense of laches, the State must prove, by a preponderance of the evidence, (1) an unreasonable delay by the petitioner, and (2) prejudice to the State in re-prosecuting the petitioner. *Twyman v. State* (1984), Ind., 459 N.E.2d 705, 712. The State did not pursue the laches defense after raising it in its answer to Curry's petition. We will not speculate as to the possibility of prejudice to the State. The State is required to prove more than the mere passage of time in order to meet its burden. Thus, while it might be the case that Curry's delay in filing the petition was unreasonable, the State has failed to meet the second prong of its burden; prejudice due to the unreasonable delay.

### CONCLUSION

Based on the foregoing, the post-conviction court is reversed and Curry's conviction is vacated.

STATON, J., concurs.

CHEZEM, J., dissents with separate opinion.

CHEZEM, Judge, dissenting.

I respectfully dissent because I believe Curry's claim is barred by laches. The state questioned Curry at the PCR hearing and established the following: thirteen years had passed since Curry was convicted of the instant offense; Curry had plead guilty to four separate OWIs since the 1980 offense; one of those convictions was a felony, for which Curry received jail time; and Curry was represented by counsel at all of the proceedings. While the mere passage of time may not be enough to constitute laches, it certainly is a factor. *Stewart v. State* (1990), Ind. App., 548 N.E.2d 1171. In addition, repeated contacts with the criminal justice system, consultation with attorneys, and incarceration in a penal institution with legal facilities are all facts from which a factfinder may infer knowing acquiescence which leads to unreasonable delay. *Perry v. State* (1987), Ind., 512 N.E.2d 841. Also, I think the fact that the State would suffer prejudice in retrying Curry is obvious. I would affirm the trial court.