Mark CURRY, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 49S04–9509–PC–01080.

Supreme Court of Indiana.

Dec. 4, 1996.

Thomas E. Hastings, Brown, Hastings, Baldwin & Clutter, Indianapolis, for Defendant–Appellant.

Pamela Carter, Attorney General of Indiana and Christopher L. Lafuse, Deputy Attorney General, Indianapolis, for Plaintiff–Appellee.

ON PETITION TO TRANSFER

DICKSON, Justice.

On December 4, 1980, the defendant pled guilty to a misdemeanor charge of operating a vehicle while intoxicated. Thirteen years later, in May of 1993, the defendant requested a copy of his guilty plea hearing. The court reporter responded by affidavit, informing the defendant that, in accordance with the judicial records retention procedures, the tapes of the proceedings were properly "recycled" and electronic recordings of the plea and sentencing no longer existed. *See* Administrative Rule 7 (providing that "Clerks of Circuit Court, Judges and other court officers shall dispose of records ... in accordance with the retention schedules specified" which provide, *inter alia*, that criminal misdemeanor case files, shorthand notes, and audio tapes are to be destroyed after ten years). The defendant then filed a petition for post-conviction relief, alleging that the judge failed to ascertain whether the defendant knowingly, voluntarily and intelligently waived his constitutional rights pursuant to *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

Following the presentation of evidence at three separate hearings, the post-conviction court denied the defendant's petition, finding that the loss of a record or transcript of a guilty plea hearing does not *per se* require a plea to be vacated because Appellate Rule 7.2(A)(3)(c) provides a means to reconstruct the record for review in such cases. The post-conviction court held that the defendant failed to establish that reconstruction of the record was impossible and failed to meet his burden of proof showing that he was entitled to have the conviction vacated and set aside. The Court of Appeals reversed the post-conviction court, finding that the defendant had shown that reconstruction of the record was impossible under Appellate Rule 7.2. *Curry v. State*, 650 N.E.2d 317 (Ind.Ct.App. 1995). The State's Petition To Transfer was previously granted.

In post-conviction proceedings, the defendant-petitioner has the burden of establishing his grounds for relief. Ind.Post–Conviction Relief Rule 1(5). Therefore, because the defendant now appeals from a denial of relief, he is appealing from a negative judgment. When appealing a negative judgment, the defendant must convince this Court that the evidence presented during the post-conviction proceedings is without conflict and, as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court. *Spranger v. State*, 650 N.E.2d 1117, 1119 (Ind.1995).

Prior to the acceptance of a guilty plea, a trial court must determine that such plea is voluntarily made. *Boykin*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). To satisfy the federal constitution, "[t]he record must show, or there must be an allegation and evidence which show," that the defendant was informed of, and waived, three specific federal constitutional rights: the Fifth Amendment privilege against compulsory self-incrimination and the Sixth Amendment rights to trial by jury and to confront one's accusers. *Id.* at 242–43, 89 S.Ct. at 1712, 23 L.Ed.2d at 279. In reviewing the transcripts and record in a death penalty direct appeal, the *Boykin* Court, found that "[s]o far as the record shows, the judge asked no questions of petitioner concerning his plea, and petitioner did not address the court." *Id.* at 239, 89 S.Ct. at 1710, 23 L.Ed.2d at 277. The Court therefore held that it could not presume waiver of these rights from a record which was silent. *Id.* at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279–80.

*Boykin* provided that proof showing the defendant was informed of the three specified federal constitutional rights may be provided by either of two different means: (1) the record itself or (2) "allegation and evidence." *Id.* at 242, 89 S.Ct. at 1712, 23 L.Ed.2d at 279. When a record or transcript of the proceedings is unavailable, Indiana provides a surrogate method for establishing and presenting a reconstructed record:

If no report of all or part of the evidence or proceedings at the hearing or trial was or is being made, or if a transcript is unavailable, a party may prepare a statement of the evidence of proceedings from the best available means, including his recollection. If submitted contemporaneously with the matter complained of, the state-

ment may be settled and approved by the trial court. If submitted thereafter, the statement shall be served on other parties who may serve objections or prepare amendments thereto within ten (10) days after service. The statement and any objections or prepared amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall become a part of the record and be included by the clerk of the trial court in the record.

If statements or conduct of the trial judge are in controversy, the statement shall be supported by sworn affidavit which shall be submitted to the trial judge for his certification. If he refuses to certify the statement he shall file opposing affidavits. All such affidavits shall be included in the record by the clerk of the trial court.

Ind.Appellate Rule 7.2(A)(3)(c).

Building upon the requirements of *Boykin*, this Court in *Zimmerman v. State*, 436 N.E.2d 1087 (Ind.1982), held that, when a defendant seeks post-conviction relief alleging his guilty plea was not voluntarily made, the loss of a record or transcript of a guilty plea will require the vacation of the plea and a new trial only when reconstruction of the record through Appellate Rule 7.2 is impossible. *Id.* at 1088–89. In *Zimmerman*, the tape recording of the guilty plea hearing had been lost or inadvertently destroyed. The State attempted to reconstruct the record pursuant to Appellate Rule 7.2(A)(3)(c) and submitted its attempt to the post-conviction judge, who also presided over the guilty plea hearing. Over the defendant's objection, the post-conviction judge certified the State's reconstructed record. On appeal, we rejected the defendant's "belief that a *lost* record was per se the equivalent of a *silent* record" and denied the defendant post-conviction relief

because he "did not avail himself of the provisions of Appellate Rule 7.2(A)(3)(c) allowing him to participate in the reconstruction of the lost record." *Id.* at 1089 (emphasis added). We observe that a determination that it is impossible to reconstruct the record will be a rare finding, as compliance with Appellate Rule 7.2 will almost always provide a basis by which the merits of the claim may be determined. *See Campbell v. Criterion Group*, 605 N.E.2d 150, 161 (Ind.1992) ("We believe that resort to [Appellate Rules 7.2 and 7.3] will enable most appellants to perfect their appeals.").

 In the case at bar, the defendant alleges the trial court failed to properly advise him of his *Boykin* rights. However, he fails to present an actual or a reconstructed record upon which his claim may be determined. As such, we do not have a record from the plea proceedings which is "silent" as to whether or not the defendant received proper advisements, as did the *Boykin* Court. Rather, as in *Zimmerman*, we have *no record*. The defendant attempts to distinguish his case from *Zimmerman* by contending that he did attempt to reconstruct the record and the evidence presented demonstrates that reconstruction is impossible.[1] We find these contentions to be unsupported.

When the statements or conduct of the trial judge are in controversy, attempts to reconstruct the record are made pursuant to Appellate Rule 7.2. Under Appellate Rule 7.2, the defendant is required to prepare a statement of the evidence of the guilty plea proceedings, prepared from "the best available means, including his recollection." App.R 7.2(A)(3)(c). He must also support his version by sworn affidavit and submit it to the trial judge for certification. If the trial judge refuses to certify the statements, Appellate Rule 7.2 requires that the judge file

---

1. The defendant argues his allegation in the post-conviction petition that "it is impossible to reconstruct the record of these proceedings," should be deemed admitted because the State did not explicitly deny the allegation in its answer. Brief of Appellant at 4. The defendant's argument is misplaced. This Court has held that factual allegations in a post-conviction relief petition are deemed admitted if the State fails to deny the factual allegations in its answer. *Lloyd v. State*, 270 Ind. 227, 235, 383 N.E.2d 1048, 1054 (1979). However, questions of law are not similarly admitted. *Id.* In the present case, the facts as to what steps the defendant took in attempting to reconstruct the record were not disputed. The legal significance of those undisputed facts— whether the defendant had met his burden in demonstrating that it was impossible to reconstruct the record—is a question of law and thus not deemed admitted.

opposing affidavits. As provided by the Rule, these affidavits are then included in the record of the trial court. The defendant failed to satisfy any of these requirements. Therefore, as a matter of law, he did not attempt to reconstruct the record under Appellate Rule 7.2.

However, as we acknowledged in *Zimmerman*, in a subsequent post-conviction relief proceeding, a petitioner may seek to offer evidence to establish the impossibility of reconstruction of the trial court record. In requesting that the post-conviction court find the record was impossible to reconstruct, the defendant presented only his testimony and an affidavit that the record had been discarded. The post-conviction judge, who was the same judge who presided at the original guilty plea hearings, declined to find that reconstruction was impossible, noting that when the guilty plea was accepted, the defendant was barely eighteen years of age and was not accompanied by his parents. He stated that, while he would not have any independent recollection of whether or not the defendant was represented by counsel, he would know what the procedure was and it "would be highly, highly, highly, highly, unusual for a person to go through this process with [an] operating while intoxicated charge without that matter having been fully addressed and there being some kind of waiver or something in that regard." Record at 81. The judge also found it unlikely that counsel would not have been involved considering the fact that the defendant had pled guilty to operating a vehicle while intoxicated on four separate occasions after the 1980 plea and was represented by the Public Defender's Office in *each* of those instances. Record at 27–29. The judge conducted the hearing in segments, on three separate days, over a period of two months, offering the defendant multiple opportunities to either reconstruct the record pursuant to Appellate Rule 7.2 or prove that reconstruction was impossible.

The defendant cites *Corder v. State,* 516 N.E.2d 71 (Ind.Ct.App.1987) to support his claim that the evidence established that reconstruction of the record was impossible.

The defendant in *Corder* presented evidence that the trial judge was deceased and that the records had been destroyed. He also submitted an affidavit from the attorney who represented him at the guilty plea hearing, stating the attorney had "no vivid recollection of the details of that guilty plea hearing." *Id.* at 72. The Court of Appeals found that, based on the evidence presented, reconstruction of the record was impossible because all of the parties present at the guilty plea were either deceased, or could not remember details of the proceedings. *Id.* A similar factual basis and result is found in *Wilburn v. State,* 499 N.E.2d 1173 (Ind.Ct. App.1986). The defendant in *Wilburn* presented proof that the trial judge who presided throughout the case had died, an affidavit from the former deputy prosecutor who prosecuted the case confirming he did not have sufficient recollection to recreate the record, the testimony of the defendant's former defense attorney that he could not remember the presence or absence of specific advisements given by the trial judge, and testimony from the defendant that he was unable to testify as to what advisements were given or omitted. *Id.* at 1175. The Court of Appeals held that, although reconstruction of the record may have been impossible, laches barred the defendant's request for relief, as the State demonstrated that there had been unreasonable delay and that it would be prejudiced if such relief were granted. *Id.* at 1178.[2]

However, contrary to *Corder* and *Wilburn,* the defendant here did not establish that *all* of the persons present at the guilty plea hearing had died or could not remember details of the proceedings. The defendant testified at the post-conviction hearing that at the time of his plea of guilty the trial court did not advise him of his constitutional rights to a jury trial, to confront witnesses, and to remain silent, and thus his recollection could have been the basis for an affidavit to reconstruct the record, subject to the trial court's affidavits in response. Appellate Rule 7.2(A)(3)(c). Furthermore, the defendant acknowledged to the post-conviction court that neither the probation officer, the deputy

---

**2.** In the case at bar, we note that the State did

not argue laches at the post-conviction hearing.

prosecutor, nor other persons potentially present at the guilty plea hearing had been contacted to determine if they had any memory or notes regarding the hearing.

In the present case, the defendant clearly failed as a matter of law to present, pursuant to Appellate Rule 7.2, a record of the trial court guilty plea proceedings. Thus he has not demonstrated that the record is "silent" as to whether or not he received the necessary *Boykin* advisements. Furthermore, the defendant has not convinced this Court that the evidence leads unerringly and unmistakably to a decision opposite of the trial court's finding that the defendant failed to establish that reconstruction of the record was impossible. We therefore affirm the judgment of the post-conviction court.

The denial of post-conviction relief is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.