ATTORNEY FOR APPELLANT

Lorinda Meier Youngcourt
Huron, Indiana

ATTORNEYS FOR APPELLEE

Steve Carter
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# In the
# Indiana Supreme Court

No. 02S05-0503-PC-104

GREGORY CHARLES HALL,

*Appellant (Petitioner below),*

v.

STATE OF INDIANA

*Appellee (Respondent below).*

Appeal from the Allen Superior Court, No. 02D04-8207-CF-263
The Honorable Frances C. Gull, Judge

On Petition To Transfer from the Indiana Court of Appeals, No. 02A05-0401-PC-48

**June 20, 2006**

**Rucker, Justice.**

A petitioner who pursues a claim for post-conviction relief challenging a plea of guilty on the ground that he was not advised of his Boykin rights is not entitled to relief solely because the guilty plea record is lost and cannot be reconstructed. Rather, the petitioner has the burden of demonstrating by a preponderance of the evidence that he is entitled to relief.

**Facts and Procedural History**

On July 20, 1982 Gregory Charles Hall was charged with Burglary as a Class C felony. Trial was scheduled for April 7, 1983. Although the record is not clear, apparently Hall and the State reached an agreement. That appears to be the case because the day before trial the State filed a "Notice of Recommendation" that provided "[o]n plea of guilty to Class C felony [] defendant will be sentenced to five (5) years suspended; two (2) years probation." App. at 54, 56. In any event on April 6, 1983 Hall pleaded guilty as charged. At a subsequent hearing the trial court accepted Hall's guilty plea and sentenced him to five years imprisonment, all suspended to two years probation.

Eighteen years later, on October 25, 2001, Hall filed a *pro se* petition for post-conviction relief challenging his burglary conviction on grounds of ineffective assistance of counsel. Thereafter, represented by counsel, Hall filed an amended petition alleging that he "was not informed of his rights to silence, to trial by jury, and to confront and cross-examine witnesses as required by Boykin v. Alabama." App. at 49. The petition also alleged (1) a transcript of Hall's guilty plea hearing does not exist, (2) the trial judge who presided over Hall's guilty plea was interviewed and has no specific recollection of the hearing, (3) the attorney who represented the State at the guilty plea hearing was also interviewed and has no specific recollection of the hearing, and (4) the Transcript of Formal Sentencing does not reflect that Hall was advised of the constitutional rights he was waiving at the time of sentencing. According to the petition, "Hall's efforts to reconstruct the record pursuant to Ind. Appellate Rule 31[1] have been unsuccessful. The plea must be vacated." Id. at 51. In a separate pleading Hall requested a hearing for the purpose of presenting sworn testimony of those present during his guilty plea hearing "in an effort to reconstruct the record of proceedings." Id. at 63. In lieu of a hearing Hall requested alternatively that he be allowed to obtain and submit affidavits. Id.

---

[1] The Rule provides in pertinent part: "If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection."

The post-conviction court granted Hall's request for a hearing. The trial judge presiding at the guilty plea hearing testified among other things that he was aware that defendants must be advised of their <u>Boykin</u> rights before pleading guilty and that he had no recollection of any proceeding in which it came to light that he had not advised a defendant of <u>Boykin</u> rights. App. at 122. The attorney who represented Hall at the guilty plea hearing testified among other things that the trial judge's guilty plea hearings had always included <u>Boykin</u> advisements. <u>Id.</u> And the deputy prosecutor who was present at Hall's guilty plea hearing testified that he was concerned to ensure that <u>Boykin</u> rights, as well as all other rights of a defendant, were mentioned in guilty plea hearings because any failure of advisement might be a ground for reversal. <u>Id.</u> After listening to witness testimony, examining exhibits, and entertaining arguments of counsel, the court issued findings of fact and conclusions of law denying Hall's petition for post-conviction relief. In addition to recounting the foregoing testimony the post-conviction court found among other things that no documents existed indicating whether Hall was or was not advised of his <u>Boykin</u> rights, that the court's files did not contain a transcript of the guilty plea hearing, and that neither the hearing judge, Hall's attorney at the time, nor the deputy prosecutor had any recollection of Hall's guilty plea hearing. <u>Id.</u> at 121. Hall appealed and in a divided opinion the Court of Appeals reversed the judgment of the post-conviction court. <u>See</u> <u>Hall v. State</u>, 819 N.E.2d 102 (Ind. Ct. App. 2004). Having previously granted transfer, we now affirm the post-conviction court's judgment.

**Standard of Review**

In reviewing the judgment of a post-conviction court, appellate courts consider only the evidence and reasonable inferences supporting its judgment. <u>Conner v. State</u>, 711 N.E.2d 1238, 1245 (Ind. 1999). The post-conviction court is the sole judge of the evidence and the credibility of the witnesses. <u>Fisher v. State</u>, 810 N.E.2d 674, 679 (Ind. 2004). To prevail on appeal from denial of post-conviction relief, the petitioner must show that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite to that reached by the post-conviction court. <u>Graves v. State</u>, 823 N.E.2d 1193, 1197 (Ind. 2005). Where, as here, the post-conviction court enters findings and conclusions in accordance with Indiana Post-Conviction Rule (1)(6), we will reverse "upon a showing of clear error – that which leaves us with a definite and firm

3

conviction that a mistake has been made." Ben-Yisrayl v. State, 729 N.E.2d 102, 106 (Ind. 2000) (quotation omitted), cert. denied, 534 U.S. 830 (2001). Only where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion, will its findings or conclusions be disturbed as being contrary to law. Miller v. State, 702 N.E.2d 1053, 1058 (Ind. 1998).

**Discussion**

Hall contends the post-conviction court erred in denying his petition for relief because there is no record that he was advised of certain constitutional rights as required by Boykin v. Alabama, 395 U.S. 238 (1969). In Boykin, the United States Supreme Court held that it was reversible error for the trial judge to accept petitioner's guilty plea without an affirmative showing that it was intelligent and voluntary. Id. at 242. More particularly, Boykin requires that the record must show, or there must be an allegation and evidence which show, that the defendant was informed of, and waived, three specific federal constitutional rights: the privilege against compulsory self-incrimination, right to trial by jury, and the right to confront one's accusers. Id. at 243. The Court made clear, "[w]e cannot presume a waiver of these three important federal rights from a silent record." Id.

Here however we are faced not with a silent record, but a missing record, an issue this Court addressed in Zimmerman v. State, 436 N.E.2d 1087 (Ind. 1982). In that case the defendant pleaded guilty to two counts of murder in 1975. Four years later he filed a petition for post-conviction relief alleging that his plea was not knowingly, voluntarily, and intelligently entered. In the interim the tape recording of the guilty plea hearing had been either lost or inadvertently destroyed. But both the prosecutor and the trial judge who presided over the plea hearing represented that they had made "copious notes of the proceedings." Id. at 1087. As a result the post-conviction court ordered the State to submit a record pursuant to Indiana Appellate Rule 7.2(A)(3)(c) (now Indiana Appellate Rule 31). The State submitted the record over the petitioner's objection, and the trial judge who presided at the guilty plea hearing thereafter certified the record. The petitioner appealed arguing that his plea should be vacated, in part because the post-conviction court erred in resorting to the Appellate Rules in order to obtain a

4

record where there was none.  This Court disagreed holding, "the loss of a record or transcript of a guilty plea hearing does not require a vacation of the plea, per se."  Id. at 1088.  And this was so because the Appellate Rules provided a means to produce a record for review on appeal.  The Court noted an exception where "reconstruction of the record is not possible."  Id. at 1089.  However, the petitioner had not availed himself of the provisions of the Appellate Rules allowing him to participate in the reconstruction of the lost record.  Instead he "stood upon his belief that a lost record was per se the equivalent of a silent record."  Id.  Accordingly the Court affirmed the judgment of the post-conviction court.

Zimmerman has been cited several times for the proposition that where "reconstruction of the record is not possible" a plea must be vacated.[2]  Indeed in this case the Court of Appeals relied heavily upon Zimmerman and its progeny.  But in a recent opinion this Court raised doubts about the continued validity of Zimmerman.  We had this to say:

> Zimmerman was decided during a period when this Court routinely set aside guilty pleas if the trial court judge failed during the plea hearing to recite to the defendant any of the advisements required by the Code.  We overruled this approach toward plea hearings in White v. State, 497 N.E.2d 893, 905 (Ind. 1986), holding that a petitioner needs to plead specific facts from which a finder of fact could conclude by a preponderance of the evidence that the trial judge's failure to make a full inquiry in accordance with § 35-35-1-2(a) rendered his decision involuntary or unintelligent.

Graves, 823 N.E.2d at 1195 (footnotes and internal citations omitted).[3]  We also noted that Zimmerman's holding that a plea must be vacated if reconstruction of the record is not possible had been implicitly overruled by State v. Scales, 593 N.E.2d 181, 184 (Ind. 1992).[4]  Id. at 1195 n.3.  In order to leave no doubt about the continued validity of Zimmerman, we now say expressly that which Scales only implied, namely: Zimmerman's holding that a plea must be

---

[2] See, e.g., Curry v. State, 674 N.E.2d 160 (Ind. 1996); Patton v. State, 537 N.E.2d 513 (Ind. Ct. App. 1989); Corder v. State, 516 N.E.2d 71 (Ind. Ct. App. 1987); Wilburn v. State, 499 N.E.2d 1173 (Ind. Ct. App. 1986); Ray v. State, 496 N.E.2d 93 (Ind. Ct. App. 1986).

[3] In addition to Boykin rights, Indiana Code section 35-35-1-2(a) requires the trial court to inform the defendant of several more enumerated rights before accepting a guilty plea.

[4] But see Curry, 674 N.E.2d at 162 (citing Zimmerman as controlling authority).

vacated if reconstruction of the record is not possible is overruled. The fact that the record of a guilty plea hearing can neither be found nor reconstructed does not of itself require granting post-conviction relief. Rather, as with any claim made in a petition for post-conviction relief, a claim that the petitioner's conviction was obtained in violation of federal or state constitutional safeguards, see Ind. Post-Conviction Rule 1(1)(a)(1), 1(1)(b), must be proven by a preponderance of the evidence. Williams v. State, 706 N.E.2d 149, 153 (Ind. 1999). And of course the law of this jurisdiction has long imposed on petitioners seeking post-conviction relief the burden of establishing their grounds for relief. See P-C.R. 1(5); Fisher, 810 N.E.2d at 679; Allen v. State, 749 N.E.2d 1158, 1164 (Ind. 2001); Howey v. State, 557 N.E.2d 1326, 1328 (Ind. 1990).

As applied here, Hall was required to prove that he was not informed of his rights to silence, to trial by jury, and to confront witnesses, thus rendering his guilty plea unknowingly and involuntarily made. We find support for this view—placing the burden upon the petitioner to establish his entitlement to relief—in the United States Supreme Court opinion of Parke v. Raley, 506 U.S. 20 (1992).

In Parke, defendant Ricky Harold Raley was charged in 1986 with robbery and with being a persistent felony offender under the State of Kentucky's recidivist statute. The latter charge was based on two burglaries to which Raley had pleaded guilty in 1979 and 1981. Raley never appealed those convictions. Rather he challenged them prior to his trial on the robbery charge.[5] Raley claimed the convictions were invalid under Boykin because the records did not contain transcripts of the plea proceedings and hence did not affirmatively show that his guilty pleas were knowing and voluntary. Parke, 506 U.S. at 23. Rejecting this claim the Court held: "The narrow question we face is whether due process permits Kentucky to employ its particular burden-of-proof scheme when allowing recidivism defendants to attack previous convictions as

---

[5] Kentucky's persistent felony offender statute is the counterpart to this State's habitual offender statute. However, unlike Indiana the Kentucky scheme allows a defendant to challenge a previous conviction through a motion to suppress. The procedure requires: (1) the State to prove the fact of a prior conviction beyond a reasonable doubt—once this is done a presumption of regularity attaches; (2) the burden shifts to the defendant to produce evidence that his rights were infringed upon or some procedural irregularity occurred in the earlier proceedings; (3) if the defendant thus refutes the presumption of regularity, then the burden shifts back to the State to show affirmatively that the underlying judgment of conviction was entered in a manner that did in fact protect the defendant's rights. Parke, 506 U.S. at 24-25.

invalid under Boykin. In our view Kentucky's burden shifting rule easily passes constitutional muster." Id. at 28.

In its analysis the Court distinguished Boykin explaining that "Boykin involved *direct review* of a conviction allegedly based upon an uninformed guilty plea. Respondent, however, never appealed his earlier convictions. They became final years ago, and he now seeks to revisit the question of their validity in a separate recidivism proceeding." Id. at 29 (emphasis added). The Court continued, "even when a *collateral attack* on a final conviction rests on constitutional grounds, the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Id. at 31 (emphasis added). Seizing upon the quoted language and the Court's definition of "collateral" Hall argues that his challenge to the theft conviction is not a collateral attack but rather a direct one.[6] This argument is premised on the fact that Indiana permits challenges to guilty pleas only in the post-conviction setting. Collins v. State, 817 N.E.2d 230, 231 (Ind. 2004); Tumulty v. State, 666 N.E.2d 394, 395 (Ind. 1996) ("One consequence of pleading guilty is restriction of the ability to challenge the conviction on direct appeal."). Thus, the argument continues, because a defendant has no other way to challenge a guilty plea, a post-conviction proceeding represents a direct attack in the sense that it has no "independent purpose other than to overturn the prior [conviction]." Parke, 506 U.S. at 30.

First, we are not persuaded that Parke's ultimate holding rests upon the Court's definition of a "collateral" attack. It appears to us that Parke can best be understood as affording the presumption of regularity to final judgments. The Court thus approved of a burden-shifting rule that made it more difficult for defendants to challenge their guilty pleas many years after the fact in proceedings that are separate and distinct from the underlying criminal proceedings. The Court's language in this regard is instructive:

---

[6] The Court declared that the attack was "collateral" in that the respondent sought to deprive his prior convictions "of their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments." Parke, 506 U.S. at 30 (citing Black's Law Dictionary 261 (6th ed. 1990)). This Court has taken a similar view. See Ind. Dep't of Envtl. Mgmt. v. Conard, 614 N.E.2d 916, 922 (Ind. 1993) (defining a collateral challenge as "an attack made in a proceeding that has an independent purpose other than to impeach or overturn the judgment, although impeaching or overturning the judgment may be necessary to the success of the action").

There is no good reason to suspend the presumption of regularity here. This is not a case in which an extant transcript is suspiciously "silent" on the question whether the defendant waived constitutional rights. Evidently, no transcripts or other records of the earlier plea colloquies exist at all. . . . The circumstance of a missing or nonexistent record is, we suspect, not atypical, particularly when the prior conviction is several years old. But <u>Boykin</u> colloquies have been required for nearly a quarter century. On collateral review, we think it defies logic to presume from the mere unavailability of a transcript (assuming no allegation that the unavailability is due to governmental misconduct) that the defendant was not advised of his rights. In this situation, <u>Boykin</u> does not prohibit a state court from presuming, at least initially, that a final judgment of conviction offered for purposes of sentence enhancement was validly obtained.

<u>Parke</u>, 506 U.S. at 30. Hall is similarly situated. The record of his eighteen-year-old guilty plea hearing is not silent. Rather, it is missing, and there has been no suggestion that the cause of the missing record is the result of misconduct by the State.

Second, our courts have long deemed post-conviction proceedings collateral. <u>See, e.g.</u>, <u>Rouster v. State</u>, 705 N.E.2d 999, 1003 (Ind. 1999); <u>Stoehr v. State</u>, 506 N.E.2d 1103, 1104 (Ind. 1987); <u>White</u>, 497 N.E.2d at 905; <u>Lock v. State</u>, 264 Ind. 25, 338 N.E.2d 262, 263 (Ind. Ct. App. 1975). They are quasi-civil in nature, <u>Lowery v. State</u>, 640 N.E.2d 1031, 1036 (Ind. 1994), and are "totally separate and distinct from the underlying criminal trial." <u>Phillips v. State</u>, 441 N.E.2d 201, 203 (Ind. 1982). Importantly, "post-conviction proceedings provide defendants the opportunity to raise issues that were not known at the time of the original trial or that *were not available on direct appeal*." <u>Ben-Yisrayl</u>, 738 N.E.2d at 258 (emphasis added). Precisely because a conviction imposed as a result of a guilty plea is not an issue that is available to a defendant on direct appeal, any challenge to a conviction thus imposed must be made through the procedure afforded by the Indiana Rules of Procedure for Post-Conviction Remedies.

In this case Hall availed himself of the post-conviction procedure in challenging his 1983 guilty plea. But he put forth no evidence of whether he was advised of his <u>Boykin</u> rights. As the post-conviction court found, "[t]he Petitioner himself testified that he had some recollection of

the guilty plea hearing, but he said nothing about any advisement or lack of advisement of rights." App. at 121-22. Instead, in pressing his claim Hall focused upon the fact that the record of his guilty plea hearing did not exist and that it could not be reconstructed pursuant to Appellate Rule 31. This was not sufficient. We repeat for emphasis that the petitioner for post-conviction relief has the burden of establishing his grounds for relief by a preponderance of the evidence. P-C.R. 1(5); State v. Holmes, 728 N.E.2d 164, 168 (Ind. 2000). And "the presumption of regularity that attaches to final judgments makes it appropriate to assign a proof burden to the defendant." Parke, 506 U.S. at 31. See also Butler v. State, 658 N.E.2d 72, 77 (Ind. 1995) (noting that the "plea process . . . arrive[s] here on appeal with a presumption of correctness."). Hall did not carry his burden of proof in this case.

**Conclusion**

A petitioner cannot obtain post-conviction relief on the ground of the lack of Boykin advisements simply by proving that the guilty plea record is lost and cannot be reconstructed. Rather, as with any claim, the petitioner has the burden of demonstrating by a preponderance of the evidence that he is entitled to post-conviction relief. Because the petitioner here failed to carry his burden, we affirm the judgment of the post-conviction court.

Judgment affirmed.[7]

Shepard, C.J., and Dickson, Sullivan and Boehm, JJ., concur.

---

[7] Today we issue an order denying transfer in Jackson v. State, 826 N.E.2d 120 (Ind. Ct. App. 2005). Based upon similar facts, the Court of Appeals reached the same result we reach here.