## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



APPELLANT, PRO SE

Dedric Thompson
Correctional Industrial Facility
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Larry D. Allen
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Dedric Thompson,

*Appellant-Petitioner,*

v.

State of Indiana,

*Appellee-Respondent.*

May 22, 2015

Court of Appeals Case No.
89A01-1408-PC-359

Appeal from the Wayne Superior Court

Lower Court Cause No.
89D03-1401-PC-1

The Honorable Gregory A. Horn, Judge

**Pyle, Judge.**

## Statement of the Case

[1] Appellant/Petitioner, Dedric Thompson ("Thompson"), appeals the post-conviction court's order granting Appellee/Respondent, the State's, motion for

summary disposition of his petition for post-conviction relief and denying his petition.  In his petition for post-conviction relief, Thompson requested relief from his convictions for Class D felony operating a vehicle as a habitual traffic violator and Class D felony operating a vehicle while intoxicated, as well as relief from his adjudication as a habitual substance offender, on the basis that the trial court had not possessed subject matter jurisdiction over his case.  The post-conviction court granted the State's motion for summary disposition and denied Thompson's petition, concluding that the trial court had possessed subject matter jurisdiction.  On appeal, Thompson challenges the post-conviction court's conclusions on the merits.  However, we need not address his arguments because we conclude that he waived his claims and could not raise them in his petition for post-conviction relief.  Accordingly, we affirm the post-conviction court's denial of his petition.

We affirm.

# Issue

Whether the post-conviction court erred when it denied Thompson's petition for post-conviction relief.

# Facts

On March 15, 2012, the State charged Thompson with Count I, Class D felony operating a vehicle as a habitual traffic violator; Count II, Class D felony operating a vehicle while intoxicated; Count III, Class D felony operating a vehicle with an alcohol concentration equivalent of .08; and an habitual substance offender enhancement.  On June 28, 2013, the trial court held a jury

trial, and the jury found Thompson guilty as charged. On July 25, 2013, the trial court sentenced Thompson to two and one-half (2½) years for Count I and two and one-half (2½) years for Count II, enhanced by seven (7) years for the habitual offender enhancement.[1] The trial court also suspended Thompson's driving privileges for life.

[3] Subsequently, Thompson filed a direct appeal. However, he later moved to dismiss the appeal, and this Court granted his motion and dismissed the appeal with prejudice. He later attempted to file another appeal, but this Court dismissed the appeal as untimely.

[4] On January 21, 2014, Thompson filed a pro se[2] petition for post-conviction relief, arguing that the trial court had lacked subject matter jurisdiction over his criminal proceedings. He alleged that he had challenged subject matter jurisdiction at the trial level on March 5, 2013; March 14, 2013; and June 25,

---

[1] It is apparent that the trial court did not enter a conviction on Count III.

[2] It appears that Thompson filed his petition pro se. "Dedric Thompson-Bey©" filed an appearance on behalf of Thompson (identified as "DEBTOR, DEDRIC THOMPSON©, ENS LEGIS"). In the context of the record it appears that Dedric Thompson-Bey© is Thompson. (App. 70). In his motion for summary judgment, Thompson-Bey© qualified his signature block, stating: "Dedric Thompson-Bey©, Petitioner, Secured Party/Creditor, A Natural Person, In Propria Persona, Sui Heredes, Sui Juris (not to be confused with nor substituted with Pro Se); and not a Statutory Person." (App. 127). However, if Thompson does not wish to be viewed as a person—and therefore pro se—we must still affirm the post-conviction court's denial of his post-conviction petition because he has not presented any legal authority for the proposition that any entity other than a natural "person" may file a petition for post-conviction relief. *See* Ind. Post-Conviction Rule 1(1)(a) (stating that a petition for post-conviction relief is available for "[a]ny person who has been convicted of, or sentenced for, a crime . . . "); *see also State v. Ziliak*, 464 N.E.2d 929, 930 (explaining that, even though corporations are included within the definition of "person" and criminal statutes all begin with "a person who[,]" corporations are not subject to all criminal statutes). Further, Thompson was convicted as a natural person and, therefore, may only appeal that conviction as such.

2013. The State filed its response to Thompson's petition on March 3, 2014. It objected to the petition on the grounds that: (1) the signature on the petition was not verified by a person authorized to administer oaths; (2) the petition failed to state facts upon which relief could be granted; and (3) the trial court did have subject matter jurisdiction over Thompson's criminal proceedings.

[5] Ten days later, on March 13, 2014, Thompson filed a motion for summary judgment, asserting that there was no genuine issue of material fact because "without a contract requiring his performance[,] the trial court [was] without subject matter jurisdiction." (App. 80) (emphasis removed from original). In support of this argument, Thompson listed the elements required for the formation of a contract.

[6] The post-conviction court scheduled a summary judgment hearing for July 29, 2014, but on April 22, 2014, Thompson filed a "Notice of Non-Response and Non-Opposition to Summary Judgment," requesting again that the post-conviction court summarily determine that there was no genuine issue of material fact because the State had not responded to his motion for summary judgment as it was required to do within thirty days pursuant to the post-conviction court's orders. The next day, he also filed a motion for a default judgment under Indiana Trial Rule 55. Although the State did not file a response to Thompson's motions, it filed a motion for summary disposition on May 16, 2014, arguing that Thompson had failed to raise a genuine issue of material fact and re-asserting that the trial court had possessed subject matter jurisdiction over Thompson's criminal case.

[7] On July 29, 2014, the post-conviction court held a hearing on Thompson's petition for post-conviction relief and on all of the outstanding motions. However, it terminated the hearing after Thompson refused to present any argument or evidence regarding his motions or petition. The next day, on July 30, 2014, it issued findings of fact and conclusions thereon granting the State's motion for summary disposition, denying Thompson's summary judgment and default judgment motions, and denying Thompson's petition for post-conviction relief. It concluded that the trial court had possessed subject matter jurisdiction over Thompson's criminal proceedings. Thompson now appeals.

## Decision

[8] On appeal, Thompson argues that the post-conviction court erred when it denied his petition for post-conviction relief. When a petitioner appeals the denial of post-conviction relief, he appeals from a negative judgment. *Allen v. State*, 791 N.E.2d 748, 752 (Ind. Ct. App. 2003), *trans. denied*. Consequently, we may not reverse the judgment of the post-conviction court unless the petitioner demonstrates that the evidence "'as a whole, leads unerringly and unmistakably to a decision opposite that reached by the post-conviction court.'" *Id.* (quoting *Curry v. State*, 674 N.E.2d 160, 161 (Ind. 1996)). We accept the post-conviction court's findings of fact unless they are clearly erroneous, but we do not give deference to the court's conclusions of law. *Id.*

[9] Post-conviction proceedings afford petitioners a limited opportunity to raise issues that were unavailable or unknown at trial and on direct appeal. *Id.* Such

proceedings are not "super appeals" through which convicted persons can raise issues that they failed to raise at trial or on direct appeal. *Id.* Post-conviction proceedings are civil in nature, and petitioners bear the burden of proving their grounds for relief by a preponderance of the evidence. *Id.*

[10] In his petition, Thompson requested post-conviction relief on the basis that the trial court had not possessed subject matter jurisdiction over his criminal case. He contests the trial court's subject matter jurisdiction in several respects, but we conclude that he waived all of these arguments by failing to raise them on direct appeal.

[11] On post-conviction review, a petitioner may only raise issues that were unknown and unavailable at the time of the original trial or direct appeal, aside from claims of ineffective assistance of counsel. *Stephenson v. State*, 864 N.E.2d 1022, 1028 (Ind. 2007). The issue of subject matter jurisdiction concerns whether or not the particular court has jurisdiction over the general class of actions to which the particular case belongs. *K.S. v. State*, 849 N.E.2d 538, 542 (Ind. 2006). Subject matter jurisdiction must be derived from the Constitution or statute and cannot be conferred by the consent or agreement of the parties. *Traux v. State*, 856 N.E.2d 116, 122 (Ind. Ct. App. 2006). Thus, the issue of whether or not the trial court had subject matter jurisdiction was available to Thompson at the time of trial. In fact, it is undisputed that Thompson objected

to subject matter jurisdiction at trial.[3]  As a result, Thompson should have challenged the subject matter jurisdiction on direct appeal, if at all.  *Ritchie v. State*, 875 N.E.2d 706, 712 n.1 (Ind. 2007) (stating that an issue known but not raised on direct appeal is waived), *reh'g denied*; *see also Smith v. State*, 774 N.E.2d 1021, 1022 (Ind. Ct. App. 2002) ("If an issue was available on direct appeal but not litigated, it is deemed waived.").  Because Thompson moved to dismiss his appeal, he failed to litigate the issue of subject matter jurisdiction on appeal.  Therefore, he waived his arguments on the issue and could not raise them in a petition for post-conviction relief.  *See* Smith, 774 N.E.2d at 1022.

[12]  Nevertheless, Thompson seems to argue that, regardless of whether his petition had any merit, the post-conviction court should have granted him a default judgment because the State did not file a response to his motion for summary judgment.  We disagree.  A trial court is not required to grant an unopposed summary judgment, which is essentially what Thompson requests.  *Murphy v. Curtis*, 930 N.E.2d 1228, 1234 (Ind. Ct. App. 2010), *trans. denied.*  Summary judgment is awarded on the merits of the motion, not on technicalities.  *Id.*

[13]  Further, the only effect of a default judgment on a petition for post-conviction relief is that the facts as alleged in the petition are deemed admitted.  *Shoulders*

---

[3] The State claims in its brief that Thompson objected to the trial court's subject matter jurisdiction, but Thompson did not offer the trial transcript as an exhibit in his post-conviction proceedings.  Nevertheless, it is irrelevant whether Thompson did in fact object at trial because the issue of whether not the trial court possessed subject matter jurisdiction was available at trial and on direct appeal.  *See Stephenson*, 864 N.E.2d at 1028.

*v. State*, 462 N.E.2d 1034, 1035 (Ind. 1984). The court must still determine as a matter of law whether the facts alleged in the petition entitle the petitioner to relief. *Id.* Here, we have determined that the facts in Thompson's petition did not entitle him to relief. Accordingly, we also conclude that the post-conviction court did not abuse its discretion in granting the State's motion for summary disposition or err in denying Thompson's petition for post-conviction relief.

Affirmed.

Crone, J., and Brown, J., concur.