**Edward JACKSON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 43A03–0410–PC–472.**

Court of Appeals of Indiana.

July 6, 2005.

Susan K. Carpenter, Public Defender of Indiana, Brian Eisenman, Deputy Public Defender, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, George P. Sherman, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION ON REHEARING

BARNES, Judge.

Edward Jackson petitions for rehearing, requesting that we reconsider our decision in *Jackson v. State*, 826 N.E.2d 120 (Ind. Ct.App.2005). We grant rehearing to issue this opinion addressing the recent case of *Dalton v. Battaglia*, 402 F.3d 729 (7th Cir.2005), which Jackson contends should dictate a different result in his case. We disagree.[1]

■ At the outset, we note that although decisions of the Seventh Circuit "are entitled to our respectful consideration," its decisions on questions of federal law are not binding on state courts. *Indiana Dep't of Public Welfare v. Payne*, 622 N.E.2d 461, 468 (Ind.1993). Even so, *Dalton* is readily distinguishable from the present case. In *Dalton*, the defendant pled guilty in 1981 to three counts of murder and one count of rape and was sentenced to an aggregate term of seventy years. In 1989, the defendant filed a post-conviction relief petition in Illinois state court, alleging that his plea was not knowingly and voluntarily given. The state did not respond to the defendant's multiple attempts to obtain a transcript of his guilty plea hearing until 1992, when it informed the defendant that the transcript could not be found. Shortly after the Illinois trial court denied the defendant's post-convic-

---

1. Jackson has filed a motion to strike a portion of the State's rehearing response brief. We deny the motion.

tion petition in 1995, the state destroyed the remaining records of his guilty plea before an Illinois appellate court could hear the defendant's appeal. The defendant then filed a federal habeas corpus petition, which the district court denied.

The Seventh Circuit reversed and remanded for further proceedings on the question of whether the defendant's plea was knowingly and voluntarily given. *Dalton,* 402 F.3d at 739. In reaching this conclusion, the court rejected Illinois' argument that the defendant's plea was presumed to be valid in reliance on *Parke v. Raley,* 506 U.S. 20, 113 S.Ct. 517, 121 L.Ed.2d 391 (1992). It concluded that the case before it was "quite different" from *Parke* because the defendant before it was "presenting an attack on the validity of his guilty plea in the very proceeding that is the subject of the *habeas corpus* petition." *Dalton,* 402 F.3d at 736. The court also stated that "the confluence of the missing plea transcript and the destruction of Dalton's state court records prior to the time when the Illinois appellate court had a chance to review the case suggest that there *is* good reason to suspend the presumption of regularity." *Id.* (emphasis in original).

Jackson's case differs from *Dalton* in at least two important respects. First, the Seventh Circuit strongly intimated in its opinion that it was not inclined to find a "presumption of regularity" attached to the defendant's guilty plea because of the questionable actions of the state in taking a long time to respond to requests for a transcript of the guilty plea hearing and its subsequent destruction of all available records of the proceedings before review of the defendant's post-conviction relief petition was final. There is no indication in Jackson's case of questionable activity by the State in its maintenance of records related to his 1979 guilty plea.

■ Second, and more importantly, the defendant in *Dalton* was still imprisoned on the guilty plea convictions that he was challenging. His post-conviction and habeas corpus filings clearly were direct attacks on his continued confinement pursuant to those convictions. Jackson finished serving his punishment for his 1979 conviction over twenty years before he decided to challenge it by way of a post-conviction proceeding. In other words, Dalton was still suffering direct negative effects of his guilty plea when he decided to challenge it; Jackson was not. The Seventh Circuit, therefore, faced an issue unlike the one before us. We reaffirm what we said in our original opinion:

> [I]n a situation such as that before us today, in which a defendant is no longer suffering any direct negative effects of his or her guilty plea because any sentence and probationary period stemming from the plea has been fully served, a post-conviction challenge to such a plea should be deemed "collateral" for purposes of *Parke.* On such "collateral" review it should be presumed that a judgment was entered validly, regardless of whether the official record of a proceeding is lost, and a defendant should bear the burden of forwarding evidence of invalidity or a constitutional violation.

*Jackson,* 826 N.E.2d at 128.

Given the lack of any indication that the loss of Jackson's guilty plea hearing transcript was the result of malfeasance on the State's part, and the fact that he long ago stopped suffering any direct negative effects of his guilty plea, we again conclude that a *Parke* "presumption of regularity" should attach to his 1979 conviction. Although we grant rehearing, we reaffirm our original decision in all respects.[2]

---

**2.** We summarily reject Jackson's request that we reconsider our assessment of the continu-
ing viability of *Zimmerman v. State,* 436 N.E.2d 1087 (Ind.1982).

MAY, J., concurs.

DARDEN, J., dissents and votes to grant motion to strike.