James M. GALLAGHER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

James Mason GALLAGHER, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

Nos. 1279S338, 1277S824.

Supreme Court of Indiana.

Sept. 29, 1980.

Harriette Bailey Conn, Public Defender, Melanie C. Conour and Jewell K. Smith, Deputy Public Defenders, Indianapolis, for appellant in both cases.

Theodore L. Sendak, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for State.

HUNTER, Justice.

The petitioner, James M. Gallagher, is before this Court appealing from the denial of his petition for relief under Post–Conviction Relief, Rule 1. We also have before us his Petition for Permission to File Belated Appeal under ꞌPost–Conviction Relief, Rule 2 § 2. Since the issues raised in both petitions are essentially the same, we now consolidate the two causes and will consider all the issues as being raised in the Post–Conviction Relief, Rule 1 petition. We must first consider the question of petitioner's diligence in taking an appeal before we consider the merits of his claim that he be granted a new trial due to the failure of the trial court to preserve an adequate record of the trial proceedings.

The facts from the record show that petitioner was tried by a jury and found guilty of second–degree murder on June 21, 1968. His trial counsel filed a Motion for New Trial on July 2, 1968, alleging errors in the admission of a certain photograph and the insufficiency of the evidence which was wholly circumstantial. This motion was overruled on July 9, 1968, and on July 11, 1968, petitioner was sentenced to life imprisonment. The record of the sentencing hearing is incomplete, but it does appear that defendant's trial counsel was with him at that time. However, there is no record that defendant was advised about his right to appeal or the procedures necessary to perfect an appeal or to secure legal counsel for that purpose. Advice of this type was not required by our rules until January 1, 1970, when our Criminal Rule 11 was adopted. There is no indication of whether or not petitioner's trial counsel was willing to pursue the appeal. In any event, no further steps toward an appeal were taken at that time.

Petitioner states that he remained in ignorance of his appellate rights until 1976 when he contacted the office of the State Public Defender located at the Indiana State Prison desiring an interview. He was directed to contact the main office of the State Public Defender. A deputy public defender was assigned to him and interviewed him in May, 1977. Petitioner also contacted the writ room of the Indiana State Prison in July, 1977, and was informed at that time that he had a right to appeal. Petitioner wrote four more letters to the State Public Defender's office and had another interview with the deputy assigned to his case. This activity resulted in his filing a Petition for Permission to File Belated Appeal with our Court in December, 1977.

Petitioner received no ruling on this petition for eleven months and so in November, 1978, he filed a Petition for Post–Conviction Relief, Rule 1 in the Knox Circuit Court. A hearing was held on this motion in May, 1979, and the petition was denied in June, 1979. This appeal was timely perfected from that denial and as of the date when the appeal was received by this Court, no ruling had yet been rendered on the P.C. 2 petition. We have therefore consolidated the two causes and will decide them as one appeal.

▮ We first consider the finding of the trial court that Gallagher was not diligent in requesting permission to file a belated appeal under P.C. 2, § 2 and that therefore his P.C. 1 petition was improper. At the evidentiary hearing held on his Post–Conviction Petition, evidence was presented which established the following facts. Gallagher is a sixty–year–old man who suffers with epilepsy and functions at approximately a 6.3 grade level. He was represented by court–appointed counsel at his trial and maintained his innocence throughout the

proceedings. He is still maintaining his innocence.

His trial counsel filed a Motion for New Trial immediately following the trial, but this was overruled before the sentencing hearing. At the sentencing hearing, there was an unofficial mention of appeal, but no indication that Gallagher was advised or understood how to perfect an appeal or how to secure the services of an attorney for that purpose. He had never before appealed a conviction. The record does show that Gallagher was confused about the steps taken by his trial counsel in filing the Motion for New Trial. He apparently thought that this motion was all that was necessary for his appeal to be perfected and that the court was then supposed to contact him. It is not clear whether he was even informed that the Motion for New Trial had been overruled. Petitioner states that no one would tell him why he couldn't get a new trial and no one from the court would even talk to him after his trial was over.

When Gallagher finally did learn in 1976 that it was up to him to initiate further procedures in order to perfect an appeal, he contacted the state Public Defender's office. Letters in the record show that he was still confused about what actions would be taken in his behalf by that office. However, the record shows that after this initial contact in 1976, he was diligent in maintaining contact and in expressing his desire to appeal. He has shown continuing diligence ever since in filing petitions with both this Court and the trial court.

We are aware that there was a period of nine years between petitioner's trial and the filing of his first petition with this Court. However, this period of time in itself does not negate his diligence under the circumstances of this case. We find no evidence in the record of an abusive delay by defendant. Rather, the record supports petitioner's claims of limited education and mental ability, the lack of any advisement to him of his right to appeal or the means to perfect such an appeal, and his confusion about the significance of his trial counsel's filing of a motion for a new trial. We

therefore find that petitioner was diligent in perfecting this appeal as required by Indiana Rule of Post–Conviction Relief, Rule 2 § 2 and turn to a consideration of the merits of his appeal under Post–Conviction Relief, Rule 1.

The Deputy Public Defender assigned to this case found that no transcript from Gallagher's trial was available. The only record of his trial is contained in two notebooks of shorthand notes and the former court reporter who took the notes is now unavailable. The Deputy Public Defender found that these notes are not able to be transcribed and the record shows by affidavit that at least seven court reporters examined the two notebooks and were not able to decipher or transcribe their contents. Affidavits also show that neither the state, nor petitioner's trial counsel, not the court was able to adequately reconstruct the record of Gallagher's trial.

Gallagher therefore contends that where no transcript is available for an appeal, the only remedy available is a request for a new trial or, in the alternative, discharge. The trial court found that the issue of no transcript available was not a proper ground for a direct appeal and concluded that Gallagher had presented no grounds for Post–Conviction Relief.

We disagree.

 It has been established that a new trial is an appropriate remedy where there is no usable transcript available for appeal. *Sutton v. Lash*, (7th Cir. 1978) 576 F.2d 738; *Macon v. Lash*, (7th Cir. 1972) 458 F.2d 942. The basis for this is that absent evidence of an intelligent waiver of the right to appeal or an appraisal by counsel that the appeal would be wholly frivolous, the state is constitutionally required to protect petitioner's right to appeal. *Macon v. Lash, supra*, at 950. Furthermore, once sufficient excuse for any delay is advanced, the Equal Protection Clause of the United States Constitution prevents a state from imposing a more rigorous standard on petitioners seeking a belated appeal than on those seeking a timely appeal. The underlying merits of an appeal have no bearing on the question of

restoring fundamental appellate rights where they have been wrongfully denied. *United States ex rel. Singleton v. Woods,* (7th Cir. 1971) 440 F.2d 835.

Indiana statutory law has made an appeal from a state conviction in a criminal case a matter of right. Ind.Code § 35–1–47–1 (Burns 1979 Repl.). Therefore, the scheme of appellate review must conform to constitutional requirements of equal protection and due process. *Macon v. Lash, supra; Griffin v. Illinois,* (1956) 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891. The record in the instant case does not show a voluntary, knowing, and intelligent waiver by petitioner of his right to appeal, but does show evidence of the desire to appeal and lack of advisement about the procedures necessary to perfect the appeal.

It is true that under our Ind.R.Ap.P. 7.2(A)(3)(c) a party may prepare a statement of the evidence or proceedings from the best available means and proceed with a direct appeal of the original trial. We have found that using such a reconstruction of the evidence on appeal is not a denial of a defendant's due process rights. *Ruetz v. State,* (1978) 268 Ind. 42, 373 N.E.2d 152. However, in the instant case all of the parties involved, including the state, the trial court, and petitioner's trial counsel, have testified that they cannot reconstruct the record of the original trial.

Under these circumstances, where it has been found that petitioner has been unconstitutionally deprived of his right to adequate review, where there has been a considerable lapse of time (now 12 years), where there is no transcript available, and no reconstruction of the record is possible, the remedy of a new trial is appropriate. It has been found by several courts under similar circumstances that the proper course to be taken is to award the petitioner the maximum relief that he could have obtained if his appeal had been properly perfected and he had been successful in prosecuting it. The remedy of a new trial will vindicate the petitioner's constitutional rights and operate to correct the constitutional error committed against him. *Sutton v. Lash, supra; Cline v. Beto,* (5th Cir. 1969) 418 F.2d 549; *Pate v. Holman,* (5th Cir. 1965) 341 F.2d 764.

The same trial court as is involved in this case has previously granted a new trial to another defendant whose transcript was similarly unavailable. We find that the evidence in Gallagher's case is sufficient to show he was denied his statutory and constitutional right to adequate appellate review.

For all of the foregoing reasons, we find that the judgment of the trial court must be reversed and the cause remanded with instructions to grant petitioner a new trial.

Judgment reversed and remanded.

GIVAN, C. J., and DeBRULER and PRENTICE, JJ., concur.

PIVARNIK, J., dissents.