Opal COLLINS, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 880S335.

Supreme Court of Indiana.

May 14, 1981.

Harriette Bailey Conn, Public Defender, Ihor N. Boyko, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gordon R. Medlicott, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The petitioner, Opal Collins, is before this Court appealing from the denial of her motion for discharge which was treated essentially as a petition for relief under Post-Conviction Relief, Rule 2. The sole issue presented for review is whether the denial of relief twenty-two years after the original crime has violated petitioner's due process and equal protection rights by unfairly denying her the right to appeal.

The facts from the record show that petitioner was tried by a jury and found guilty of first-degree murder in May, 1956. The

jury recommended the death penalty and petitioner was sentenced to death by the trial court. However, on December 10, 1956, the death penalty was commuted to life imprisonment by the governor of Indiana. Petitioner's trial counsel filed a motion for new trial in November, 1956; there is no record that it was ever ruled upon by the trial court. There is no record of any further action toward an appeal being taken until December 5, 1978, when petitioner filed a verified motion for discharge. A hearing was held on that motion and testimony was presented. The trial court denied the motion without comment on June 29, 1979. Petitioner filed a motion to correct errors on August 27, 1979. The trial court denied this motion on April 28, 1980, and also filed its findings of fact and conclusions of law.

At the hearing on her motion for discharge, petitioner testified that at the time of trial she was not advised of any rights to appeal by either the court or her attorney. She stated that about ten years later, she heard other prisoners talking about appealing their cases and that was the first time she knew about any rights to appeal. Evidence disclosed that the charge under which she was tried and convicted was one of four separate charges filed against her for first-degree murder. All the charges arose from an incident during which she took a rifle and shot her husband, his mother and two sisters. When petitioner first learned of her right to appeal, the three other murder charges were still pending against her.

Petitioner stated that she became familiar with the clemency rules and that her case had been before the clemency board five times and was scheduled for a sixth presentation at the time of the hearing. She stated that upon the suggestion of the clemency board, she contacted an attorney in 1974, pursuant to having the three outstanding murder charges dismissed. Due to these efforts, the other charges were eventually dismissed in 1975.

Evidence at petitioner's hearing disclosed that the original trial judge is now deceased, the court reporter is in a nursing home and is incapable of transcribing the record, and the system of shorthand used by that reporter cannot be transcribed by the present court reporter. Petitioner contends that she was unfairly denied her right to appeal through no fault of her own but as a result of the court's failure to rule on her motion for new trial in 1956 and the court's inability to provide her with a trial transcript. She argues that the court must either order her a new trial or grant her motion for discharge.

It is true that the state has a duty to protect a criminal defendant's right to appeal but the defendant also has the concomitant duty to show diligence in pursing an appeal. Ind.R.P.C. Relief 2 § 1(c). Since Indiana law has made an appeal from a state criminal conviction a matter of right, the state is constitutionally required to protect this right to appeal. *Macon v. Lash,* (7th Cir. 1972) 458 F.2d 942. It is also true that the federal courts and this Court have found that a new trial is an appropriate remedy in certain cases where there is no usable transcript available for appeal and no evidence of an intelligent waiver of the right to appeal. *Sutton v. Lash,* (7th Cir. 1978) 576 F.2d 738; *Gallagher v. State,* (1980) Ind., 410 N.E.2d 1290.

However, the basic premise underlying these cases is that the petitioner has demonstrated a clear desire to appeal and that any delay in bringing an appeal was not due to lack of diligence on petitioner's part. *Sutton v. Lash, supra; Gallagher v. State, supra.* This Court has consistently held that the burden is upon the petitioner to show he maintained proper diligence and that degree of care and attentiveness towards his claim and the progress of it in the court which one might expect from an individual under the particular circumstances shown. *Zellers v. State,* (1979) Ind., 389 N.E.2d 299; *Jones v. State,* (1979) Ind., 387 N.E.2d 1313; *Newland v. State,* (1968) 250 Ind. 512, 236 N.E.2d 45. There are no definite rules regarding what constitutes diligence and what does not, and each case must be determined in the context of its own circumstances. *Wilhite v. State,* (1980) Ind., 402 N.E.2d 1211.

■ We do not find that petitioner has met her burden of proving the necessary diligence under the circumstances of this case. While some of her circumstances are similar to those in the *Gallagher* case, there are significant distinctions. Petitioner, like Gallagher, claims there was a lengthy period after her trial during which she had no knowledge of her right to appeal. She has also shown, as did Gallagher, that no transcript of her trial is available and no reconstruction of the record is possible. In *Gallagher*, however, we found that after learning of his right to appeal, Gallagher was diligent in maintaining contact with the public defender's office and in expressing his desire to appeal. We do not find a similar showing in the instant case. Petitioner stated that she first became aware of her right to appeal in 1966, yet nothing was done toward an appeal for approximately twelve years.

Petitioner cites the following facts to explain this lack of action. She testified that she had only an eighth grade education, that she did not have conversations with other inmates about her case, that the Indiana Women's Prison did not have a writ room, and that until recently there were only a few outdated law books in the prison library. She further testified that she found out about clemency from a counselor and then pursued that possibility, but no one told her about the specific procedures she should follow in order to bring an appeal.

While it is true that petitioner, for many years, may not have been aware of any specific steps to take concerning an appeal, her ignorance does not automatically exempt her from our rules. We have held that the diligence required by our post-conviction rules also entails a degree of perseverance. *Wilhite v. State, supra.* Upon the facts of this case, where petitioner heard some comments about a right to appeal and then took no specific steps toward an appeal for twelve years but was able to make repeated efforts to be granted clemency during this time, we find that the trial court was justified in finding that petitioner had not shown the required diligence.

■ Petitioner also alleges that the trial court's failure to rule on the motion for new trial following her original conviction was fundamental error. We disagree. Petitioner was represented by counsel at her trial and was aware at the conclusion of the original trial that there were still three separate counts of murder outstanding against her. She was given the death penalty for the one count of murder on which she was tried.

Although her attorney filed a motion for new trial, there are several reasons under the facts of the case why he may not have followed through on the trial court's failure to rule on the motion. First, it appears that the initial concern after trial was getting a reduction of the death penalty to life imprisonment. Furthermore, even if an appeal had been perfected and followed, any error which might have been found could have been avoided at a trial based on one of the other outstanding counts. We see no actual prejudice to petitioner due to the trial court's failure to rule on the motion for new trial under the facts of this case and we do not find that the trial court's failure in this respect helps to negate petitioner's burden to show her own perseverance and diligence toward bringing an appeal.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.