**STATE of Indiana, Appellant (Respondent Below),**

v.

**Richard M. SCALES, Appellee (Petitioner Below).**

No. 82S01–9206–PC–414.

Supreme Court of Indiana.

June 2, 1992.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

No appearance for appellee.

SHEPARD, Chief Justice.

The State has argued in this case that our recent rules on retaining records of guilty pleas should be read as creating a statute of limitations for petitions seeking post-conviction relief from misdemeanor convictions. The Court of Appeals declined to so hold, and we agree.

### Case History

Appellee Richard Scales pled guilty in September 1979 to carrying a handgun without a license, a class A misdemeanor, Ind.Code § 35–23–4.1–3 (Burns 1975); Ind. Code § 35–23–4.1–18(c) (Burns Supp.1978). He received a suspended sentence. On July 13, 1990, Scales filed a petition for post-conviction relief challenging this conviction. He alleged he was not properly advised of the right to a jury trial, the right to confront witnesses, and the right against self-incrimination. He claimed that he was not advised about the nature of the charges filed against him and he asserted that the sentencing court failed to determine whether there was a factual basis for his plea. He also alleged that he was not represented by counsel during his plea, and that had he been properly advised he would have pled not guilty and requested a jury trial.

Scales did not present any record of the 1979 proceedings to the post-conviction court, nor did he attempt to reconstruct the record. *See* Ind. Appellate Rule 7.2(A)(3)(c). At the post-conviction hearing Scales' counsel told the court:

I think there is an old file. I did not personally locate it. After conferring

with Mr. Scales, I had my paralegal contact the Clerk's Office and they were supposed to have pulled the file up. We made an effort to obtain a copy of the sentencing transcript and any other documents in the file. I'm thinking that she told me that there was no sentencing transcript prepared. There was no written advisement in the file. I assume that there is a file someplace, but it has no pleadings. Now, maybe they told her there was no file, so maybe I'm mistaken about that.

Record at 11–12. Instead of attempting to reconstruct the record, Scales testified by answering yes or no to questions from his attorney regarding whether the court informed him of his rights. Although Scales was quite clear about these memories, he testified that he could not remember who the arresting officer was, the name of the judge or referee, or even that person's gender.

The prosecutor did not present any evidence or argue laches as a defense. He argued that without a transcript of the plea hearing, Scales' poor memory of the event was inadequate to meet his burden of proof. The post-conviction court denied the State's motion to dismiss, and granted Scales' petition.

The State appealed. The Attorney General cited Indiana Criminal Rules 5 and 10, which require that transcripts of misdemeanor guilty pleas be maintained for ten years. He argued that these rules imposed a ten-year time limit on the filing of post-conviction relief petitions challenging misdemeanor guilty pleas for which there is no longer a record. The Court of Appeals disagreed. It observed that Indiana Post–Conviction Rule 1(1)(a) provides that a PCR proceeding may be instituted at any time. If the unavailability of the record hinders the State's case and reconstruction of the record is not possible, it said, the State may argue laches. If that fails, the appropriate remedy is a new trial. The court did, however, remand the cause, directing the post-conviction court to enter findings of fact

and conclusions of law. *State v. Scales* (1991), Ind.App., 571 N.E.2d 1324.

The State appeals that portion of the Court of Appeals' decision rejecting the argument that Indiana Criminal Rules 5 and 10 impose a time limit on filing of post-conviction petitions. We grant transfer to consider this issue of first impression.

### Discussion

In addressing this case, the Court of Appeals applied *Gallagher v. State* (1980), 274 Ind. 235, 410 N.E.2d 1290, as support for the proposition that when a prisoner launches a collateral attack on his conviction a new trial is always required where the record is unavailable and cannot be reconstructed. In *Gallagher,* we held that where a petitioner has been unconstitutionally deprived of his right to appeal a felony conviction, there has been a considerable lapse of time, there is no transcript available, and reconstruction of the record is not possible, the appropriate remedy is a new trial. This remedy was appropriate because the petitioner had been deprived of his constitutional right to appeal. *Id.* [1] The premise underlying this holding was "that the petitioner [had] demonstrated a clear desire to appeal and that any delay in bringing an appeal was not due to lack of diligence on petitioner's part." *Collins v. State* (1981), Ind., 420 N.E.2d 880, 881.

■ The Court of Appeals applied the requirements we developed in *Gallagher* for belated appeals of felony trials (i.e., long delay plus no record plus diligence equals new trial) to a very different setting: collateral challenges of misdemeanors launched after the petitioner has served the sentence imposed. Using the delay-no record-diligence formula in this setting would be consistent with the federal scheme of dealing with cases in which post-conviction relief is sought many years after conviction and the petitioner has served the sentence imposed. Under federal law a petitioner who is no longer in custody may

---

**1.** Our approach on the issue of the appropriate remedy upon deprivation of defendant's state constitutional right to appeal tracks that of the

Seventh Circuit. *Sutton v. Lash,* 576 F.2d 738 (7th Cir.1978); *Macon v. Lash,* 458 F.2d 942 (7th Cir.1972).

move for a writ of error coram nobis, 28 U.S.C. § 1651(a).[2] *United States v. Bush*, 888 F.2d 1145 (7th Cir.1989); *United States v. Darnell*, 716 F.2d 479 (7th Cir.1983), *cert. den.*, 465 U.S. 1083, 104 S.Ct. 1454, 79 L.Ed.2d 771 (1984). Like our post-conviction relief proceedings, the petitioner seeking coram nobis relief bears the burden of proof. He must demonstrate that "the asserted error is jurisdictional or constitutional, [and] involves an error of law that results in a complete miscarriage of justice". *United States v. Scherer*, 673 F.2d 176, 178 (7th Cir.1982), *cert. den.*, 457 U.S. 1120, 102 S.Ct. 2935, 73 L.Ed.2d 1334 (1982), citing *United States v. Morgan*, 346 U.S. 502, 512, 74 S.Ct. 247, 253, 98 L.Ed. 248 (1954). In addition, a coram nobis petitioner must satisfy Article III "case and controversy" by showing present adverse legal consequences flowing from the conviction. *Darnell*, 716 F.2d at 481 n. 5. Finally, there must be " 'sound reasons' for the petitioner's 'failure to seek appropriate earlier relief' ". *Id.*, citing *Morgan*, 346 U.S. at 512, 74 S.Ct. at 253.

As we shall explain later, procedural history of this case prevents its disposition on this basis. We see more direct grounds for resolving it: the intent and meaning of our own rules on retention of guilty plea records.

■ The State argues that the holding of the Court of Appeals encourages defendants to wait until ten years have passed before filing for post-conviction relief so as to deprive the State of its ability to defend on the merits of the petitioner's claims. This result, the State argues, rewards dilatory petitioners while undermining the finality of judgments.

Indiana Criminal Rule 5 provides for the recording of all oral evidence given in all cases and hearings. Indiana Criminal Rule 10 specifically requires that guilty plea proceedings be recorded and that such records "... be maintained as a confidential court record for ten years in all misdemeanors or fifty-five years in all felony cases." The purpose of the recording requirement in Criminal Rule 10 is to provide a transcript of the evidence taken at a guilty plea hearing in order to facilitate review in a later proceeding challenging the validity of the plea. *Zimmerman v. State* (1982), Ind., 436 N.E.2d 1087.

Because it is not possible or even rational to preserve all records forever, however, some convictions will be challenged after the time for saving the transcript has expired and the documents have been destroyed.[3] The loss of a record or transcript does not by itself require granting post-conviction relief, *id.*, or require denying post-conviction relief. Because the availability of an original transcript is not the only factor in such determinations, our rules requiring transcripts to be retained for a time certain were not intended to create an implicit statute of limitations.

**2.** Fed.R.Crim.P. 32(d) at one time permitted motions to withdraw a guilty plea even after the imposed sentence was satisfied if necessary to correct "manifest injustice" and other rights of the defendant were affected by the existence of the conviction. *See United States v. Washington*, 341 F.2d 277 (3rd Cir.1965); Wright, Federal Practice and Procedure, Criminal 2d Ch. 8 § 539, p. 476 (1969). Rule 32(d) was amended in 1983, however, and no longer authorizes a motion to withdraw a plea once sentence has been imposed. Wright, Federal Practice and Procedure, Criminal 2d Ch. 8 § 539 p. 69 (1991 Supp.).

**3.** Our choice of ten years as the length of time misdemeanor records are saved was hardly arbitrary. The interval was chosen in light of the possible ramifications of having a misdemeanor conviction on one's record. It is reasonable to assume that someone interested in challenging a misdemeanor conviction would do so before the ten year period had expired. For example, if a defendant is convicted of drunk driving (first offense) and is given probation, then within five years is again convicted of drunk driving, the second offense is a Class D felony. Ind.Code § 9–30–5–3 (West Supp.1991). If he receives the maximum penalty of three years, Ind.Code § 35–50–2–7 (West Supp.1991), the record of the first conviction would still be in existence until two years after the sentence for the second offense had expired. Other offenses in which a second offense is a felony rather than a misdemeanor include: Ind.Code §§ 35–47–2–23 (West 1986) (Carrying a handgun without a license); 35–45–4–2 (West 1986) (prostitution, if two prior convictions); 35–45–4–3 (West 1986) (patronizing a prostitute, if two prior convictions); and 35–43–5–7 (welfare fraud, if under $250 and prior conviction).

The Court of Appeals was correct in declining to so hold.

### Conclusion

■ This appeal presented directly the question whether Rules 5 and 10 as amended create a statute of limitations. For two reasons, it does not present a proper occasion for resolving the issue addressed by the Court of Appeals, namely, the standard for relief from a misdemeanor guilty plea. First, petitioner Scales has failed to demonstrate that the record of his 1979 plea is unavailable and failed to prove it cannot be reconstructed. In light of this failure, Scales' testimony is not sufficient to establish that he was entitled to relief. *Ray v. State* (1986), Ind.App., 496 N.E.2d 93, 99.

■ Second, the post-conviction court did not submit findings of fact and conclusions of law. It is thus unclear on what basis the court granted Scales' petition. The trial judge may have believed that a transcript was unavailable (a fact which Scales did not demonstrate), or she may have believed that the absence of a transcript requires granting the petition, or she may have accepted Scales' testimony as true. Without the findings required by the post-conviction rules, we cannot effectively review the judgment.

We therefore vacate the order granting the petition and remand to the post-conviction court for reconsideration in light of this opinion and for the entry of findings of fact and conclusions of law.

DeBRULER, GIVAN, and DICKSON, JJ., concur.

KRAHULIK, J., concurs in result.