**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**
Mar 11 2013, 9:55 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY W. ELFTMAN**
Deputy Public Defender
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| MICHAEL PORTER, )<br>)<br>    Appellant-Defendant, )<br>)<br>         vs. )<br>)<br>STATE OF INDIANA, )<br>)<br>    Appellee-Plaintiff. ) | No. 34A02-1210-CR-840 |

APPEAL FROM THE HOWARD SUPERIOR COURT
The Honorable Douglas Tate, Judge
Cause No. 34D03-1205-CM-486

**March 11, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

## Case Summary and Issue

Michael Porter appeals his conviction of operating a vehicle with an alcohol concentration equivalence of 0.08 or more, a Class C misdemeanor. Porter raises the sole issue of whether there was sufficient evidence to sustain his conviction. Concluding that there was sufficient evidence, we affirm his conviction.

## Facts and Procedural History

On May 5, 2012, Trooper Charles Coffee made a traffic stop of the vehicle driven by Porter due to a dysfunctional license plate light. After Trooper Coffee observed signs of intoxication, Porter told him he had consumed three beers. Trooper Coffee asked Porter to exit his vehicle. He administered two field tests and then, believing that there was probable cause Porter was driving while intoxicated, transported him to the Howard County Sheriff's Department. There, Porter failed one field sobriety test but passed another. Trooper Coffee then administered a chemical test, and Porter registered a breath alcohol concentration of 0.12 on the certified data master instrument.

Porter was charged with operating while intoxicated endangering a person, a Class A misdemeanor, and operating a vehicle with an alcohol concentration equivalence of 0.08 or more, a Class C misdemeanor. After a bench trial on August 22, 2012, he was found not guilty of the former charge and guilty of the latter. He was convicted and sentenced at the conclusion of the trial. On October 2, 2012, Porter filed a "Motion to Appoint Public Defender for Purposes of Appeal." Appellant's Appendix at 21. The trial court granted the motion that day. This appeal followed. Additional facts will be provided as needed.

2

Discussion and Decision

I. Timeliness of Appeal

The State raises the preliminary issue of whether Porter's appeal is forfeited due to his failure to file a timely notice of appeal. Appellate Rule 9(A)(5) states that "[u]nless the Notice of Appeal is timely filed, the right to appeal shall be forfeited except as provided by P.C.R. 2." Indiana Post-Conviction Rule 2(1)(a) provides:

> An eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the conviction or sentence if;
> (1) the defendant failed to file a timely notice of appeal;
> (2) the failure to file a timely notice of appeal was not due to the fault of the defendant; and
> (3) the defendant has been diligent in requesting permission to file a belated notice of appeal under this rule.

In this case, Porter did not file a timely notice of appeal. Instead, eleven days after his thirty-day window to file an appeal had concluded, Porter filed a motion requesting that the trial court "appoint a Public Defender for the purpose of filing a belated appeal." Appellant's App. at 21. The State argues that even though the trial court granted this motion and appointed a public defender, it did not specifically grant permission to Porter to file a belated appeal. Porter argues that the court implicitly did so.

While Porter's motion and the trial court order did not specifically set forth the elements in Indiana Post-Conviction Rule 2(1)(a), the motion did mention filing a belated appeal. In addition, several facts were set out in the motion that established Porter's indigence and eligibility for a public defender but can also be construed to support a motion for permission to file a belated appeal.[1] The trial court has sound discretion in

---

[1] Those facts are, in part, as follows:

3

giving permission to file a belated appeal. Russell v. State, 970 N.E.2d 156, 160 (Ind. Ct. App. 2012), trans. denied. And when the trial court grants such a request without holding a hearing, we review that decision de novo. Id.

Several factors are relevant to the defendant's diligence and lack of fault in the delay of filing. Moshenek v. State, 868 N.E.2d 419, 423-24 (Ind. 2007) (listing the factors for each). Here, a review of some of those factors reveals that Porter would likely succeed on a motion for permission to file a belated appeal. First, it does not appear that he was advised by the trial court that he had a right to appeal his conviction. This was a violation of Indiana Criminal Rule 11. It also establishes Porter's lack of fault. See Moshenek, 868 N.E.2d at 424; see also Cruite v. State, 853 N.E.2d 487, 490 (Ind. Ct. App. 2006) (concluding that the appellant's failure to file a timely notice of appeal was not his fault because the trial court failed to inform him of his appellate rights), trans. denied. And with regard to diligence, the overall passage of time is relevant. Moshenek, 868 N.E.2d at 424. Here, Porter's motion for appointment of a public defender was filed only a few days after the time to appeal had expired. Cf. Gallagher v. State, 274 Ind. 235, 410 N.E.2d 1290, 1292 (1980) (finding diligence under the circumstances even though petition was filed nine years after trial).

Finally, we note that if we were to dismiss this appeal, as the State requests, Porter would simply go back to the trial court and file a motion for permission to file a belated notice of appeal. Because the issue before this court has been fully briefed by both

---

3. The Defendant was appointed a public Defender at the trial Court level and has had no change in circumstances that would allow him to hire private counsel.
4. The Defendant has no funds with which to hire private counsel to assist with his appeal.
5. The Defendant has no funds with which to pay the costs associated with the filing of an appeal. Appellant's App. at 21.

parties, the policy of judicial economy favors deciding the case on its merits rather than awaiting further judicial procedures which will merely result in the return of the case to this court. See Price v. State, 619 N.E.2d 582, 583 (Ind. 1993) (court chose to decide case on its merits in the interest of judicial economy despite procedural default where defendant notified trial court of his desire to appeal judgment but appointed counsel did not timely file notice of appeal); George v. State, 862 N.E.2d 260, 265 (Ind. Ct. App. 2006) (court chose to decide case on its merits in the interest of judicial economy where defendant filed a timely notice of appeal but did not perfect it and later sought to file a belated notice of appeal pursuant to Post-Conviction Rule 2). We therefore consider the merits of Porter's appeal.

## II. Sufficiency of Evidence

### A. Standard of Review

Our standard of review for sufficiency claims is well-settled. We do not reweigh the evidence or assess witness credibility for ourselves. Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied. We consider only the probative evidence and reasonable inferences supporting the verdict. Id. It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. Id. We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt. Id.

## B. Breath Alcohol Concentration

Porter contends that the State failed to prove that he was operating his motor vehicle with at least 0.08 grams of alcohol per 210 liters of his breath as set out in the statute.[2] More specifically, he notes that Trooper Coffee testified at trial that Porter registered 0.12% on the data master instrument and not 0.12 grams per 210 liters of breath. Porter made a similar argument at trial. The trial court found the argument "valid" but noted that the ticket produced by the data master and submitted into evidence states that alcohol readings are expressed in grams of alcohol per 210 liters of breath as required by the statute. See Transcript at 36. Now, Porter argues that the ticket which indicates the correct unit is not sufficient evidence because there is no proof that the machine had been certified properly due to the lack of testimony that the certificate offered by the State was a certificate of the machine used to test Porter.[3] We disagree.

While it is true that Trooper Coffee could not testify that the certificate admitted into evidence was of the machine used on Porter at the time it was admitted, the certificate indicates that it is of a data master machine located at Howard County Sheriff's Department. Trooper Coffee testified that he tested Porter at Howard County Sheriff's Department and that there is only one such machine located there. See Tr. at 18, 22. In addition, the certificate states that it is for an instrument with the serial number of 202084 and the ticket produced by the data master instrument has the same serial

---

[2] Porter was convicted of operating "a vehicle with an alcohol concentration equivalent to at least eight-hundredths (0.08) gram of alcohol but less than fifteen-hundredths (0.15) gram of alcohol per . . . two hundred ten (210) liters of the person's breath" in violation of Indiana Code section 9-30-5-1(a).

[3] Under Indiana Code section 9-30-6-5(c)(2), a certified copy of a certificate of inspection and compliance issued by the Indiana State Department of Toxicology is prima facie evidence that the equipment was inspected and approved and in proper working condition. Porter does not dispute this; he only contends that there was no proof that the certificate was for the machine used on Porter.

number along with Porter's name and other identifying information. Thus, there was sufficient evidence to prove that Porter was operating his motor vehicle with at least 0.08 grams of alcohol per 210 liters of his breath.

Conclusion

There was sufficient evidence to sustain Porter's conviction and we therefore affirm.

Affirmed.

MAY, J., and PYLE, J., concur.