## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 24 2015, 5:57 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Craig Persinger
Marion, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

George P. Sherman
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Nathan C. Cook, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | February 24, 2015 <br><br> Court of Appeals Case No. 27A02-1403-CR-00211 <br><br> Appeal from the Grant Superior Court <br><br> The Honorable Randall L. Johnson, Judge, and the Honorable Dana J. Kenworthy, Judge <br><br> Case No. 27D02-0703-FA-32 |

**Mathias, Judge.**

[1] Nathan Cook ("Cook") was convicted in Grant Superior Court of Class A felony dealing in cocaine in an amount over three grams and Class A felony conspiracy to deal in cocaine. The trial court sentenced Cook to an aggregate

term of fifty years executed in the Department of Correction. Cook appeals and presents two issues, which we restate as:

> I. Whether, because a portion of the transcript is unavailable, Cook is entitled to a new trial; and

> II. Whether the sentence imposed by the trial court is inappropriate in light of the nature of the offense and the character of the offender.

We affirm.

## Facts and Procedural History

On April 20, 2006, undercover Marion Police Officer Robert Moore ("Officer Moore") arrived at a Marion residence after arranging with Gary Brown ("Brown") to purchase cocaine in a controlled buy. Cook, who was also at the residence, placed the cocaine on a digital scale. The scale indicated that the cocaine weighed over twenty grams. The men agreed to a price for the cocaine, and Officer Moore handed Cook $700. Cook placed the cocaine in a plastic baggie and gave the baggie to Officer Moore.

Officer Moore then met Grant County Sherriff's Deputy Tom Fleece ("Deputy Fleece") at another location and gave him the baggie of cocaine he had purchased from Cook. Tests performed at the Indiana State Police Lab determined that the substance was cocaine, with a net weight of 17.98 grams.

On March 5, 2007, the State charged Cook with Class A felony dealing in cocaine and Class A felony conspiracy to commit dealing in cocaine. A jury

trial was held from April 13 to April 15, 2009. Officer Moore testified at trial, but it was later discovered that approximately seventeen minutes of his testimony was not recorded because of a malfunction in the courtroom's recording equipment.

[6] After the first day of the trial, Cook failed to appear, and his defense counsel could not locate him. Cook was tried in absentia and found guilty of both counts. Nearly five years later, on February 14, 2014, Cook, who had been living in Minnesota under a false identity, was arrested for driving while impaired. Authorities in Minnesota discovered the arrest warrant that had been issued after Cook failed to appear for his trial and Cook was arrested. The trial court held Cook's sentencing hearing on March 17, 2014, after which it ordered Cook to serve two concurrent terms of fifty years in the Department of Correction.

[7] Cook filed his Notice of Appeal, and pursuant to Appellate Rule 31,[1] the trial court held a hearing on the missing portion of the record containing Officer Moore's testimony. Cook submitted a statement of the evidence, which included the court reporter's log notes containing summaries of Officer Moore's testimony. The log notes indicated that during Officer Moore's testimony, Cook made an objection challenging the accuracy of one of the scales used to

---

[1] Indiana Appellate Rule 31 provides:

> If no Transcript of all or part of the evidence is available, a party or the party's attorney may prepare a verified statement of the evidence from the best available sources, which may include the party's or the attorney's recollection. The party shall then file a motion to certify the statement of evidence with the trial court or Administrative Agency. The statement of evidence shall be attached to the motion.

measure the drugs Cook sold to Officer Moore. The log notes also show that Cook's objection was overruled. Cook's statement of the evidence noted that both the deputy prosecutor assigned to the case and Cook's defense counsel had submitted affidavits stating that they had no recollection of the substance of Officer Moore's testimony.

## I. The Missing Testimony

Cook first argues that he "is entitled to retrial because appellate review of a key issue is not possible due to a failure to record a 17 minute portion of the testimony of a key State's witness." Appellant's Br. at 6. He notes that now, five years after the trial, neither his defense counsel nor the State can recall the relevant details of Officer Moore's testimony. Of course, Cook himself cannot remember the officer's testimony since he failed to appear after the first day of his trial. Cook contends that Officer Moore's testimony and Cook's objection to the accuracy of the scale used to measure the drugs Cook sold to Officer Moore "[go] directly to an element of both crimes which Cook was convicted of" and that "[w]ithout proof of those elements beyond a reasonable doubt, Cook would have been acquitted." *Id*. at 8.

We disagree. A new trial is appropriate where there is "no usable transcript available for appeal." *Gallagher v. State*, 274 Ind. 235, 410 N.E.2d 1290, 1292 (1980). However, here, although a portion of the transcript containing Officer Moore's testimony is missing, the record contains ample evidence to support Cook's convictions. Brown testified that he observed Cook placing the cocaine on a digital scale, which indicated that the cocaine weighed over twenty grams,

and a forensic chemist from the Indiana State Police lab testified that the cocaine Cook sold to Officer Moore weighed 17.98 grams.

[10] Furthermore, even if this court had before it a full record of Cook's objection to Officer Moore's testimony concerning the accuracy of the scales, and even if we determined that the trial court abused its discretion in admitting the testimony over Cook's objection, the error would be harmless. "Generally, errors in the admission of evidence are to be disregarded unless they affect the substantial rights of a party." *Turner v. State*, 953 N.E.2d 1039, 1059 (Ind. 2011). Here, Brown testified that he observed Cook sell what he believed was over 20 grams of cocaine to Officer Moore. Forensic chemist Kristi Long from the Indiana State Police laboratory testified that the cocaine had a net weight of 17.98 grams. Detective Fleece identified the cocaine that he received from Officer Moore after Officer Moore purchased the drugs from Cook. Therefore, even if the trial court erred in overruling Cook's objection, the error would be harmless because the challenged evidence was cumulative of other substantial independent evidence of Cook's guilt.

## II. Inappropriate Sentence

[11] Cook next argues that his sentence in inappropriate in light of the nature of the offense and the character of the offender.

[12] Under Indiana Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the

character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case." *Cardwell v. State,* 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v. State,* 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied* (quoting *Stewart v. State,* 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

[13] When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell,* 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shell v. State,* 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

[14] Cook was convicted of Class A felony dealing in cocaine over three grams and Class A felony conspiracy to deal in cocaine. On the date of Cook's offense, the sentencing range for Class A felony was twenty to fifty years, with an advisory sentence of thirty years. Ind. Code § 35-50-2-4. For his two Class A felony convictions, Cook was ordered to serve an aggregate term of fifty years imprisonment. In sentencing Cook, the trial court found as aggravating factors

that Cook has a lengthy criminal history and that Cook fled to Minnesota during his jury trial.

[15] Cook argues that his sentence is inappropriate because 1) "[t]here is nothing in the nature of Cook's offenses which are unusually heinous or aggravating, and 2) "Cook's character flaws are balanced by the positive character traits shown in his stable and supportive relationship" with his fiancée, who suffers from diabetes and whom Cook supported financially during his time in Minnesota. Appellant's Br. at 11. We note, however, that Cook's criminal history began with a juvenile adjudication for theft when he was only seven years old. Cook's adult criminal history includes three prior felony offenses, four prior misdemeanor offenses, and six probation violations. He has continued to deal in cocaine despite prior felony convictions for possessing and dealing drugs. Also, the fact that he fled from the state during the trial for the instant offense does not reflect well on his character.

[16] With regard to the nature of Cook's offense, we note that Cook conspired to deal and sold nearly eighteen grams of cocaine, almost six times the amount of cocaine necessary to commit dealing in cocaine as a Class A felony, to an undercover police officer. *See* Ind. Code § 35-48-4-1.

[17] Under these facts and circumstances, we cannot say that Cook's aggregate fifty-year sentence is inappropriate in light of the nature of the offense and the character of the offender.

## Conclusion

[18] For all of these reasons, we conclude that the missing portion of the transcript does not entitle Cook to a new trial. We also conclude that Cook's sentence is not inappropriate in light of the nature of the offense and the character of the offender.

[19] Affirmed.

Najam, J., and Bradford, J., concur.