## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 06 2020, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT PRO SE

Megan A. Rosenbaum
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Megan A. Rosenbaum, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | April 6, 2020 <br><br> Court of Appeals Case No. <br> 18A-CR-2971 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Barbara Crawford, Judge <br><br> Trial Court Cause No. <br> 49G09-1706-F6-21437 |

**Altice, Judge.**

## Case Summary

[1] Megan A. Rosenbaum, pro se, appeals her convictions for Level 6 felony battery against a public safety official, Class B misdemeanor battery, and Class B misdemeanor disorderly conduct. Rosenbaum enumerates thirteen issues in her appellate brief that we consolidate to the following four: 1) whether the incomplete transcript available on appeal violates her due process rights; 2) whether the trial court abused its discretion regarding the admission of evidence; 3) whether Rosenbaum's trial counsel was ineffective; and 4) whether the State presented sufficient evidence to support the battery convictions.

[2] We affirm.

### Facts & Procedural History

[3] The facts favorable to the convictions follow.[1] On June 6, 2017, Jennifer Cromwell lived in a subdivision with her husband and two children. She had worked third shift and was in bed winding down before going to sleep when she heard a series of loud banging noises around 10:00 a.m. Shortly thereafter, Rosenbaum, Cromwell's neighbor from across the street and the mother of her nine-year-old daughter's friend, was standing in the doorway of her bedroom. Rosenbaum stared at Cromwell with a blank look and eventually mumbled

---

[1] Like other sections of her brief, Rosenbaum's statement of case and statement of facts sections do not comply with Ind. Appellate Rule 46 and are wholly inappropriate. Most notably, she provides little to no citations to the record and relies on her own version of the facts. We remind Rosenbaum that "it has long been the rule in Indiana that pro se litigants without legal training are held to the same standard as trained counsel and are required to follow procedural rules." *Receveur v. Buss*, 919 N.E.2d 1235, 1238 (Ind. Ct. App. 2010) (quoting *Evans v. State*, 809 N.E.2d 338, 344 (Ind. Ct. App. 2004), *trans. denied*), *trans. denied*.

something. Cromwell then escorted Rosenbaum down the stairs and out of the house. After locking the door, she watched Rosenbaum from a window. Rosenbaum went into Cromwell's open garage and came out with fragrance body sprays that were inside. When Cromwell yelled to give the sprays back, Rosenbaum accused Cromwell and Cromwell's daughter of stealing them from her. As she walked back to her house yelling, Rosenbaum smashed the sprays against her van and then threw them across the street. Cromwell collected the sprays, spoke with another neighbor about the incident, and then called the police.

[4] Indianapolis Metropolitan Police Department (IMPD) Officer Jeffrey Goode responded to the dispatch and spoke with both parties. He advised Rosenbaum that Cromwell did not want her to come back over to her house and that they should stay away from each other. He left after about ten minutes.

[5] Later that morning, Rosenbaum returned, yelling and knocking on Cromwell's front door. She was acting erratic and trying to get Cromwell to come outside. She then began pulling flowers out of Cromwell's planter. Cromwell armed herself with a child's aluminum baseball bat and stepped outside to demand that Rosenbaum leave. Cromwell was also calling 911 again. Rosenbaum charged at Cromwell when she came out, and Cromwell stuck Rosenbaum with the bat. The two then struggled over the bat, and Rosenbaum grabbed Cromwell by the hair. The fight moved toward the street and the commotion drew the attention of neighbors and Cromwell's children.

[6] Cromwell's thirteen-year-old son J.M. ran outside and started yelling at Rosenbaum to stop and let go of his mom. Rosenbaum eventually turned her attention to J.M. She ran toward J.M. and angrily shoved him to the ground. J.M. got back up and continued to try to distract Rosenbaum, along with other neighbors, so that his mom could get away. In the meantime, Cromwell called 911 again and ran into her house with J.M.

[7] Lisa Claxton, Cromwell's next-door neighbor, stood on her own porch yelling at Rosenbaum to go home, while also calling 911. When Rosenbaum started walking toward Claxton in an aggressive manner, Claxton went inside with her son N.C. and locked the door.

[8] Officer Goode responded to this second incident, followed shortly thereafter by IMPD Officer Brian Burnett. While Officer Goode spoke with Cromwell outside her house, Officer Burnett stayed across the street with Rosenbaum, who was vacillating between yelling and being calm. Officer Goode also spoke with J.M. and two witnesses. Officer Goode had to instruct Rosenbaum to stay away on several occasions as she tried to yell her side of the story from across the street. Other neighbors came out during the commotion.

[9] When Officer Goode walked over to Rosenbaum, he arrested her for battery and disorderly conduct and placed her in handcuffs. The officers assisted her in obtaining shoes from inside her house and then had her sit in the lawn to wait for transport to jail. She was disruptive at times and had to be told often to sit back down. Once she calmed, the officers allowed her to call her father to care

for her dog. Officer Burnett ended the call when Rosenbaum began yelling and moving around, making things "very difficult." *Transcript* at 174.

[10] Thereafter, Rosenbaum rolled onto her back and tried to maneuver her handcuffed hands from behind her back to the front by going "underneath her butt." *Id.* Officer Burnett demanded that she stop, and he bent down over her. Rosenbaum then began kicking him in the upper thigh and yelling. She struck him with her kicks at least once, causing pain. Officer Burnett stepped to the side and turned her onto her stomach as she kicked him one or two more times. At that point, Officer Goode stepped in and held down her legs until she calmed down and was taken to jail.

[11] On June 9, 2017, the State charged Rosenbaum with four counts: Count 1, Level 6 felony battery against a public safety official; Count 2, Class A misdemeanor battery resulting in bodily injury (involving Cromwell); Count 3, Class B misdemeanor battery (involving J.M.); and Count 4, Class B misdemeanor disorderly conduct. On July 11, 2018, a jury found Rosenbaum guilty of Counts 1, 3, and 4 but not guilty of Count 2, for which Rosenbaum argued self-defense. The trial court sentenced Rosenbaum, on November 15, 2018, to 730 days in jail with all but time served suspended to probation on Count 1, along with concurrent, suspended sentences of 180 days on Counts 3 and 4. Rosenbaum timely appealed.

## Discussion & Decision

### 1. Incomplete Transcript

During the appeals process, it was discovered that the recording software used during the trial malfunctioned and the closing arguments of the parties were not recorded. On May 8, 2019, after learning that this portion of the trial was unable to be transcribed, Rosenbaum filed a motion to vacate her convictions and for a new trial. This court denied the motion and directed her to proceed pursuant to Ind. Appellate Rule 31, which provides:

> **A. Party's Statement of Evidence.** If no Transcript of all or part of the evidence is available, a party … may prepare a verified statement of the evidence from the best available sources, which may include the party's … recollection. The party shall then file a motion to certify the statement of evidence with the trial court….

> **B. Response.** Any party may file a verified response to the proposed statement of evidence within fifteen (15) days after service.

> **C. Certification by Trial Court or Administrative Agency.** Except as provided in Section D below, the trial court … shall, after a hearing, if necessary, certify a statement of the evidence, making any necessary modifications to statements proposed by the parties. The certified statement of the evidence shall become part of the Clerk's Record.

> **D. Controversy Regarding Action of Trial Court Judge or Administrative Officer.** If the statements or conduct of the trial court judge … are in controversy, and the trial court judge … refuses to certify the moving party's statement of evidence, the trial court judge … shall file an affidavit setting forth his or her recollection of the disputed statements or conduct. All verified

statements of the evidence and affidavits shall become part of the Clerk's Record.

[13] Rosenbaum prepared a brief verified statement regarding her recollection of the closing arguments and filed it with the trial court for certification on August 15, 2019. Relevant here, she contended that the prosecutor argued that a simple unwanted touching was sufficient to establish battery and that her defense counsel failed to explain to the jury the mens rea element of battery. Additionally, Rosenbaum indicated that defense counsel failed to mention that two witnesses, Cromwell and Claxton, did not see Rosenbaum touch J.M.

[14] On September 4, 2019, the trial court refused to certify Rosenbaum's statement and, instead, filed an affidavit pursuant to App. R. 31(D). The trial court observed that the complete testimonial evidence of each witness was included in the transcript and that the missing portion did not involve evidence, only the closing arguments. The court further stated in its affidavit:

> 8. During the closing, each attorney presented comments/arguments about the burden of proof of the state, the evidence presented, and the credibility of the witnesses. The comments were appropriate statements about the evidence presented during the trial and the reasonable inferences that could be drawn from that evidence. While the attorney arguments were intended to persuade, there were no statements that were improper or prohibited by law or the constitutions of the State of Indiana or the United States of America.
>
> 9. I do not recall the arguments of counsel being as Defendant describes them. I cannot certify the representations of the

> content of the closing arguments of counsel as provided by
> defendant as being [] accurate and complete.

*Appellant's Appendix Vol. II* at 63-64.

[15]     Rosenbaum argues that her due process rights are being violated because she cannot effectively "challenge the sufficiency nor accuracy of the evidence supporting the judgment by the jury when there is not a complete transcript of the oral proceedings of the trial court." *Appellant's Brief* at 14.  But, as the trial court recognized, all of the oral evidence presented to the jury has been transcribed for this appeal.  It is well established, as the jury was so instructed in this case, that statements made by counsel do not constitute evidence.  *See e.g., Perkins v. State*, 483 N.E.2d 1379, 1387 (Ind. 1985) ("Opening and closing statements are not evidence."); *see also Appellant's Appendix Vol. II* at 53 (final instruction number 6 in this case: "STATEMENTS MADE BY THE ATTORNEYS ARE NOT EVIDENCE").

[16]     This is not an instance where there is no transcript available or where reconstruction of the record is impossible.  *Cf. Gallagher v. State*, 410 N.E.2d 1290, 1293 (Ind. 1980) (granting new trial because appellant was "unconstitutionally deprived of his right to adequate review, where there has been a considerable lapse of time (now 12 years), where there is no transcript available, and no reconstruction of the record is possible").  Here, "any and all oral evidence and testimony" has been transcribed.  Ind. Criminal Rule 5.  Further, pursuant to App. R. 31, Rosenbaum filed a verified statement regarding her recollection of the closing statements provided by the attorneys

and the trial court filed an affidavit, both of which are before this court. Because Rosenbaum has not been deprived of an adequate transcript and reconstruction is not impossible, she has not been deprived of due process. *See Gallagher*, 410 N.E.2d at 1293 (observing that "reconstruction of the evidence on appeal is not a denial of a defendant's due process rights") (citing *Ruetz v. State*, 373 N.E.2d 152, 154-55 (Ind. 1978)); *Groff v. State*, 415 N.E.2d 721, 724 (Ind. Ct. App. 1981) ("When a closing argument is not recorded, a party seeking to assign some error to the content of the argument must attempt to reconstruct the argument in statement form under [App. R. 31].").  The record before us allows for meaningful appellate review.

## 2. Evidentiary Rulings

[17] Rosenbaum's remaining issues on appeal are comingled and difficult to untangle.  We will do our best.  One issue appears to be whether the trial court abused its discretion regarding the admission or exclusion of evidence.

[18] The admission or exclusion of evidence is a determination entrusted to the discretion of the trial court. *Farris v. State*, 818 N.E.2d 63, 67 (Ind. Ct. App. 2004)*, trans. denied*.  Further, the trial court has wide discretion to control the manner and mode of the presentation of evidence at trial. *S.E. v. Indiana Dep't of Child Servs.*, 15 N.E.3d 37, 44 (Ind. Ct. App. 2014)*, trans. denied*; *see also* Ind. Evidence Rule 611(a) ("The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the

truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment."). We will reverse only for an abuse of discretion, which occurs when the trial court's action is clearly erroneous and against the logic and effect of the facts and circumstances before it. *Farris*, 818 N.E.2d at 67. "When evidence is erroneously excluded, reversal is only required if the error relates to a material matter or substantially affects the rights of the parties." *Id*.

[19] Here, Rosenbaum complains that the trial court did not allow her to reenact with her nephew (acting as the officer) the incident involving Officer Burnett, did not allow her father to testify regarding what he overheard Officer Burnett say during the phone call, and did not permit her to continue testifying in narrative form. Because she offers no authority or cogent argument regarding how the trial court abused its discretion in any of these respects, Rosenbaum has waived review of these alleged errors. *See Whitfield v. State*, 127 N.E.3d 1260, 1268 n.5 (Ind. Ct. App. 2019), *trans. denied*; App. R. 46(A)(8) (appellant's brief must contain contentions on issues presented and each contention must be supported by cogent reasoning and citations to authorities).

[20] Waiver notwithstanding, we conclude that the trial court did not abuse its discretion regarding the evidentiary rulings at issue. With respect to the reenactment, the trial court properly exercised its discretion pursuant to Evid. R. 611(a) when it indicated that it would allow defense counsel to perform the reenactment with Rosenbaum rather than her nephew, who had no police training and was "not associated with the case at all." *Transcript* at 31. The

trial court also properly limited Rosenbaum's father's testimony by not allowing him to testify as to what he heard the officer say. This was hearsay for which Rosenbaum suggests no exception to the hearsay rule for its admissibility. *See Turner v. State*, 953 N.E.2d 1039, 1055 (Ind. 2011) ("Hearsay is an out-of-court statement offered in court to prove the truth of the matter asserted" and "subject to certain limited and specific exceptions, hearsay is generally not admissible at trial.") (citing Ind. Evidence Rules 801(c) and 802). Finally, the trial court did not abuse its discretion by interrupting Rosenbaum's narrative testimony and directing her to answer the questions posed by her counsel.[2] *Hedges v. State*, 443 N.E.2d 62, 66 (Ind. 1982) ("To permit testimony in narrative form rather than by question and answer is within the sound discretion of the trial court."). Contrary to her assertion on appeal, Rosenbaum was able to tell her version of events and defend herself; she just had to do it through orderly questions and answers.

### 3. Ineffective Assistance of Counsel

Rosenbaum asserts that her trial counsel was ineffective in certain ways, though she acknowledges that counsel was "very effective in showing the jury that [she] acted in self-defense" with respect to the battery count involving Cromwell. *Appellant's Brief* at 32. In addition to the evidentiary issues raised above, she alleges that counsel was ineffective for failing, during his closing statement, to

---

[2] In fact, Rosenbaum's own attorney had already asked her to answer the questions that he was asking and "don't go on rambling." *Transcript* at 189.

"point out the tremendous differences in the testimonies of the witnesses" and to explain that the State was required to prove the mens rea element for battery, not just an unwanted touching. *Id.* at 30.

[22] Rosenbaum does not apply or even mention the well-established standard of review for ineffective assistance of counsel claims. *See e.g., Jervis v. State*, 28 N.E.3d 361, 365 (Ind. Ct. App. 2015) ("In order to prevail on a claim of this nature, a defendant must satisfy a two-pronged test, showing that: (1) his counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms; and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.") (citing *Strickland v. Washington*, 466 U.S. 668 (1984)), *trans. denied*. Further, she does not include necessary citations to the record or to any relevant case law in support of this claim. Rosenbaum has, therefore, waived her claim of ineffective assistance of trial counsel. *See* App. R. 46(A)(8).

[23] Waiver notwithstanding, we choose to briefly address Rosenbaum's unfounded assertion that the jury was not made aware of the mens rea element. The record indicates that the jury was fully instructed on the elements for each alleged battery, including that the touching must be done "KNOWINGLY OR INTENTIONALLY". *Appellee's Appendix Vol. 2* at 8-10 (preliminary instruction number 4). The jury was also instructed on the legal definitions of "KNOWINGLY" and "INTENTIONALLY". *Id*. at 12-13 (preliminary instructions number 5 and 6). Moreover, by Rosenbaum's own account, her

trial counsel argued to the jury that her kicking of the officer was accidental – in other words, not knowing or intentional.[3]

### 4. Sufficiency of the Evidence

[24]     Finally, Rosenbaum appears to challenge the sufficiency of the evidence with respect to her two battery convictions. When reviewing the sufficiency of the evidence, we do not reweigh the evidence or assess the credibility of the witnesses. *Kelley v. State*, 2 N.E.3d 777, 786 (Ind. Ct. App. 2014). "Rather, we look to the evidence and reasonable inferences drawn therefrom that support the verdict and will affirm the conviction if there is probative evidence from which a reasonable trier-of-fact could have found the defendant guilty beyond a reasonable doubt." *Id.*

[25]     Rosenbaum first argues that although she clearly kicked Officer Burnett, the State failed to establish that the kick was done knowingly or intentionally. We reject the invitation to reweigh the evidence. Rosenbaum testified that the contact was incidental and that she would "never intentionally hurt an officer." *Transcript* at 195. Her testimony, however, was contrary to other witness testimony. Cromwell testified that from across the street she observed Rosenbaum roll around on the ground and "bicycle kick the cop repeatedly."

---

[3] With respect to the alleged battery involving J.M., Rosenbaum testified that she did not actually touch him, which counsel noted in closing.

*Id.* at 66. Officer Goode similarly testified that he saw Rosenbaum bicycle kick Officer Burnett three times in the thigh, which resulted in Officer Goode stepping in to hold Rosenbaum's legs until she calmed down. Officer Burnett testified that Rosenbaum kicked him in the thigh, near the groin area, as she became upset, rolled on her back, and ignored his commands to sit up. After being kicked, he turned her onto her stomach so that it would be more difficult for her to kick him. Despite this, he testified that Rosenbaum continued to kick him one or two more times before Officer Goode came to assist. The evidence amply supports a finding that Rosenbaum knowingly or intentionally kicked Officer Burnett, a public safety official engaged in his official duty, in a rude, insolent, or angry manner. *See* Ind. Code § 35-42-2-1.

[26] The State also presented sufficient evidence that Rosenbaum battered J.M. J.M. unequivocally testified that Rosenbaum turned her attention to him and then ran towards him and shoved him to the ground. N.C. corroborated this testimony by indicating that he saw Rosenbaum quickly and angrily approach J.M. and then push him.[4] On appeal, Rosenbaum focuses on her own testimony – that she did not touch J.M. – and notes that Cromwell and Claxton did not testify regarding any battery of J.M. Again, we reject the invitation to reweigh the evidence, which was more than sufficient to support the conviction.

---

[4] Rosenbaum asserts that J.M.'s and N.C.'s accounts were "totally divergent stories". *Appellant's Brief* at 29. They were not.

[27] Judgment affirmed.

Bailey, J. and Crone, J., concur.